Jacob Lesher et al., Plaintiffs in Error, *v.* The Wabash Navigation Company, Defendants in Error.

### ERROR TO WABASH.

Where a corporation is authorized by law to enter upon certain premises, and take therefrom material for the construction of public works by making compensation therefor, if the corporation afterwards contracts with others to do the work, who avail themselves of the authority given to take material, the company will be liable therefor, although the contractors were bound by their contract to furnish the material and do the work for a specified price.

Contractors. in such case, are servants of the company; the work is done by the company, and under the authority of law; the immunities and liabilities of the charter attach to the company, and it will be held accountable.

That the contractors may be liable over to the company for any damages, does not relieve the corporation from its primary liability.

This was a proceeding instituted in the court below, by the plaintiffs in error, under the 11th section of an act entitled "An Act to incorporate the Wabash Navigation Company," in force January 30, 1847, to recover the value of timber, &c., taken from their lands by Samuel and Isaac Culbertson, and used in the construction of the dam and lock at the Grand Rapids of the Wabash River, for the said company, and, as is contended, as their agents and servants, as also the value of other timber, &c., taken for like purposes by others, servants and agents of the said company. In the court below, the said company resisted the claim of the petitioners, so far as related to the timber, &c. taken by the said Samuel and Isaac Culbertson, upon the ground that they were contractors to do the said work, and received pay from the company for what they did, and consequently the company was not liable for their acts. The court below sustained the defence of the company so set up, and only gave judgment against them for the value of the other timber, &c., and an agreed case is presented for the adjudication of this court, as set forth in the transcript of the case now here filed.

The plaintiffs in error contend that the company is liable, under said section, and also, generally, for all the acts of their agents and servants done in and about the erection and construction of their works under the said charter; and that the said Samuel and Isaac Culbertson were their agents and servants in contemplation of the law generally, and of the said charter.

This cause was heard before Harlan, Judge, at the August term, 1852, of the Circuit Court of Wabash county, and re-

sulted in a judgment in favor of Lesher and others, for the sum of $197.03, being the amount assessed by the commissioners, as the value of the timber cut and carried off the land of Lesher et al., and for damage done to the land.

C. H. Constable, for plaintiffs in error.

A. Kitchell, for defendants in error.

Caton, J. By the eleventh section of their charter, the Wabash Navigation Company were authorized to enter upon certain premises including the plaintiffs', and take therefrom timber, stone, and other materials necessary and proper for the construction of their works. And the owners of the premises were authorized to file a petition in the circuit court, and have the value of the materials taken, and damages occasioned by reason of the taking of the same assessed, for the amount of which, a judgment should be rendered in favor of the owner, and against the company. For the purpose of erecting a portion of the works authorized by their charter, the company entered into a contract with the Culbertsons for the erection of a lock and dam at the Grand Rapids of the Wabash river, by which the Culbertsons were to furnish all the materials and do all the work for a price specified in the contract to be paid to the company. In the execution of the work, the Culbertsons entered upon the plaintiffs' land and took therefrom a considerable amount of timber which was necessary and proper for the construction of the work, and applied it to that purpose without objection by the plaintiffs, who subsequently filed their petition in the circuit court, for the purpose of having their damages assessed in the mode pointed out by the defendants' charter, claiming to recover the same from the defendants, and the only question presented for our consideration is, whether the company is liable.

The contractors were none the less the servants of the company because they were doing the work by contract, and for a stipulated price. The work was still done by the company, and under the authority of their charter. The privileges which the charter conferred upon the company to enable them to execute the work, devolved upon the contractors for the same purpose. The very erection of the dam across the river, was an obstruction to its navigation, and would have been unlawful but for the authority conferred by the charter. Had the Culbertsons been prosecuted for a damage occasioned by reason of such obstruction, they would immediately have sought protec-

tion under the charter. So, too, had Lesher objected to their taking the material which they did take, they would have aserted their right to do so under the charter, and must have been protected in that right to the same extent that the company would have been, had they prosecuted the work without the intervention of contractors. If it was necessary for the company to take private property to enable them to prosecute the work for the public good, it was equally so for the contractors. Had a cause of action accrued to an individual by reason of the obstruction erected in the river, the company whose work it was, would have been liable as much as if they had erected it with their own hands. If they are liable for one act done under the charter by the Culbertsons, they are equally so for another. It is no answer to say that the contractors were bound by their contract to furnish all the materials at their own expense, and for which they were to recover a full compensation. The public were not bound to know the relations existing between the company and their servants. It was enough that they saw them engaged in the erection of the works of the company, and under the direction of the company's engineer. The person who was injured by reason of acts done by those in the employ of the company, and in pursuance of their charter, had a right to look to the principal, who alone had authority to direct the acts to be done, for compensation, and was not bound to seek redress from every servant who cut a tree or removed a stone. Were the rule otherwise, the company might, by the employment of irresponsible servants, compel the owner of the land to stand by and see it stripped of all that made it valuable, without a hope of remuneration. They would derive the benefits secured by their charter, protected from the liabilities which it imposes. It is not necessary in the decision of this case, to say whether the company would have been liable for the tortious acts of the contractors, which were not authorized by the charter, for there is no pretence here but that the acts for which compensation is now sought of the company, were expressly authorized by the charter to be done. It may be true that it is the duty of the contractors to pay these damages, as they were bound by their contract to furnish the materials; and if so, they will be liable over to the company for the damages which the company necessarily has to pay for the acts of the contractors, but this ultimate liability of the contractors does not relieve the corporation from their primary liability to pay the damages occasioned to individuals by the exercise of the chartered rights of the company, and in the mode, too, which the charter provides.

Irrespective of the resolution passed by the board of directors of the company, on the 15th day of May, 1848, recognizing the authority of the contractors to exercise the rights conferred upon the company to take materials necessary for the construction of the works, we are of opinion that the company is liable for the damages occasioned by the acts of the contractors which were authorized by the charter to be done by the company. As to the persons who have thus sustained damages, the contractors were the servants of the company, and their acts were the acts of the company.

The judgment of the circuit court must be reversed, and the cause remanded.

*Judgment reversed.*