# WILLIAM WEST

*v.*

# THE ST. LOUIS, VANDALIA AND TERRE HAUTE R. R. Co.

1. MASTER AND SERVANT—*whether employer is liable for acts of his contractor, and whether a contractor is a servant.* A railway company chartered by the legislature contracted with certain parties to construct its road and its appurtenances. These contractors, through their superintendent, hired the plaintiff to work upon a freight house they were building for the company. A poisonous mixture, in which corrosive sublimate was an ingredient, was applied to the timber to prevent decay. The plaintiff was injured by breathing the exhalations of this substance, and by handling the timber to which it had been applied: *Held,* that the railway company was not liable to the plaintiff for the injury he received, but that the contractors were solely responsible, and were not in this respect the servants of the company.

2. SAME—*when the contractors exercise special powers under charter.* Where the wrongful act is done by contractors or lessees of a chartered company in pursuance of the special powers and privileges conferred upon the company by its charter, and but for such charter they would have no right to prosecute the particular business, such contractors or lessees, as to third parties who may be injured by their acts, will be regarded as the servants of the company acting under its direction, and the company will be held liable for any abuse of such of its privileges by its contractors or lessees.

3. SAME. A company may be held liable when the person doing the wrongful act is the servant of the company, and acting under its direction; and though such person is not a servant as between himself and the company, but merely a contractor or lessee, still he must be regarded as a servant or agent when he is exercising some chartered privilege or power of the company with its assent, which he could not have exercised independently of the charter.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Messrs. KASE & MILLARD, for the appellant.

Mr. JOHN SCHOLFIELD, and Mr. WM. H. UNDERWOOD, for the appellee.

35—63D ILL.

| 63 | 545 |
|---|---|
| 26a | 267 |
| 63 | 545 |
| 39a | 353 |
| 63 | 545 |
| 58a | 128 |
| 63 | 545 |
| 168 | 147 |
| 63 | 545 |
| 78a | 363 |
| 63 | 545 |
| 83a | 531 |
| 63 | 545 |
| 184 | 481 |
| f184 | 483 |
| f87a | 47 |
| 63 | 545 |
| 96a 3 | 8 |
| 63 | 545 |
| 197 | 2268 |
| 63 | 545 |
| e104a1 | 59 |
| 104a 1 | 60 |
| 104a 1 | 61 |
| 63 | 545 |
| 108a 3 | 128 |
| 63 | 545 |
| e209 | 1418 |
| 209 | 2420 |
| 63 | 545 |
| 212 2 | 12 |
| 113a | 2658 |

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

The defendant, a railway company chartered by the legislature, contracted with the firm of McKeen, Smith & Co. to construct their road and its appurtenances. The superintendent of buildings, employed by the firm, hired the plaintiff to work upon a freight house. A poisonous mixture, in which corrosive sublimate was an ingredient, was applied to the timber to prevent decay. The plaintiff was injured by breathing the exhalations of this substance, and by handling the timber to which it had been applied. The suit was brought by him against the company to recover damages for such injury. The defense is, that the liability, whatever it may be, rests upon the contractors, and not upon the railway company. This defense prevailed in the court below.

It is not claimed, on behalf of the plaintiff, that he was in fact in the employ of the railway company, but that the work was done for the benefit of the company and by its authority, and that the contractors must be considered its servants, for whose wrongful acts in the performance of their work the company must be held responsible. In support of this position, counsel cite: *Lesher* v. *Wab. Nav. Co.* 14 Ill. 85; *Hinde* v. *Same*, 15 ib. 72; *Ohio and M. R. R. Co.* v. *Dunbar*, 20 ib. 623; *Ch. St. P. and F. du Lac R. R. Co.* v. *McCarthy*, ib. 385; *Ill. Cent. R. R. Co.* v. *Finnigan*, 21 ib. 646; *Ill. Cent. R. R. Co.* v. *Kanouse*, 39 ib. 272; *T. P. and W. R. R. Co.* v. *Rumbold*, 40 ib. 143, and *C. and R. I. R. R. Co.* v. *Whipple*, 22 ib. 105.

There is a radical distinction between each of these cases and that at bar. These were all cases in which redress was sought against a chartered company for wrongs done by persons while in the performance of acts which they would have had no right to perform except under the charter of the company. The court laid down the salutary rule that, as to such acts, the company could not escape corporate liability by having the acts performed or the work done by contractors or

lessees.  These persons must be regarded, in such cases, as the servants of the company, acting under its directions, and the company must see that the special privileges and powers given to it by its charter are not abused.

Thus, in the two cases cited from 14th and 15th Ill., the charter authorized the company to cut timber from adjacent land for the construction of its work.  The work was done by contractors, who cut timber for which the owners required the company to pay in the manner pointed out by the statute. The company undertook to throw the liability upon the contractors, but the court held, though the company might have a remedy over against the contractors, it could not evade its own liability for property taken by virtue of its charter.  So, of the two cases cited in 20 Ill., one was where the contractors, in building the road, entered upon the plaintiff's premises and took down his fence and carelessly left it down, in consequence of which his crops were partially destroyed.  The court likened this case to those just cited, and said, as the contractors had no right on the plaintiff's premises except through the authority of the company under its charter, they must, to that extent, be considered as its servants, and the company must be liable for their acts.  The other case in the same volume was one in which the company sought to escape liability for not performing its duties as a common carrier by showing that the road was operated by a lessee.  The court held the company could not thus avoid the liabilities imposed by its charter.

The cases cited from 21st, 22d, 39th and 40th Ill. were actions brought for injuries done to cattle by the running of trains, and a like rule was laid down.

But between all these cases and the one at bar, there is a radical difference.  In these, the wrong for which the action was brought was committed in the performance of acts which were performed by virtue of the authority of the company derived from its charter, and could have been performed in no other way.  In such cases the public has the right to hold the

company responsible, because it is really the company that is acting. The personal actors may, as between themselves and the company, be lessees or contractors, and the company may have its action against them for indemnity, according to the terms of its private contract, but they are, as to the public, the servants or agents of the company so long as they are doing what they could not do except by the chartered authority of the company.

But where a railway company contracts with A to dig and wall a well upon its right of way, and agrees to pay him five hundred dollars when the work is completed, and A hires B by the day to assist him in the work, and in its performance B is injured through the carelessness of A, as for example by his knowingly using decayed and worthless tackle for raising earth from the well, surely it would not be contended that B could bring an action against the company for the injuries received. The reason of course is, because A, in hiring B, was exercising his own private and natural right as an individual, for his own benefit, and was not acting as the servant or agent of the company. The company had not authorized him to employ B, and the latter, in accepting employment from A, could only look to him to furnish the proper machinery or pay the proper wages. But suppose the charter had authorized the company to quarry rock upon adjacent land in order to procure the requisite stone for walling the well, and A had entered upon such land without contract with the owner, as was done for the purpose of procuring timber in the cases cited from 14th and 15th Ill. Waiving all question of the constitutionality of such a provision in the charter, which the owner of the land might do, he could insist that the company must pay him for the rock quarried. And why? Simply because A, in quarrying the rock, was doing what he could not have done but for the charter of the company. To that extent he was acting as its servant or agent, and as was said by the court in the case in 15 Ill., the owner of the quarry would

have a right to suppose that, in exercising its chartered rights, he was acting under its direction.

The principle we consider to be substantially this : The company may be held liable when the person doing the wrongful act is the servant of the company, and acting under its direction, and though such person is not a servant as between himself and the company, but merely a contractor or lessee, still he must be regarded as a servant or agent when he is exercising some chartered privilege or power of the company, with its assent, which he could not have exercised independently of such charter. In other words, a company, seeking and accepting a special charter, must take the responsibility of seeing that no wrong is done through its chartered powers by persons to whom it has permitted their exercise.

In the case before us, the contractors were to build the entire road across the State, and undoubtedly in much of their work the company was responsible for their acts, for they must have often performed acts which could only have been done under the charter. If, for example, the construction trains which the contractors ran had carelessly killed a domestic animal, the owner could have looked to the company for compensation. But when the contractors hired the plaintiff to work by the day upon a freight house, we can discover no reason why, as to that matter, they should be considered the servants or agents of the company, when they were really not so. They hired the plaintiff, through their superintendent, to work for them, and not for the company. Suppose, the day after the hiring, they had directed the plaintiff to mount a ladder known to them to be decayed and worthless, could the company have been made liable? Not, we think, without creating a ground of liability hitherto unknown. The wrongful act would not have been done by a servant of the company, or by their direction, or in the exercise of any special power derived from their charter which would authorize us to say that, *quoad hoc*, the contractors were servants or agents.

· The case supposed is not different in principle from the case at bar. We think it wholly unlike the cases cited by counsel for appellant, and we have explained the distinction substantially as it is pointed out by counsel for appellee.

It should be further remarked, to prevent possible misconstruction, that the contract between the company and the contractors did not require this poisonous substance to be applied to the timber, and there is no evidence that the officers of the company had any knowledge of its intended application. The contractors are solely responsible, and to them the plaintiff must look for any redress to which he may be entitled.

The judgment is affirmed.

*Judgment affirmed.*