## St. Louis, Alton & Terre Haute R. R. Co.
### v.
## John S. Balsley.

1. RAILROADS—LIABLE FOR NEGLIGENCE OF LESSEES, ETC.—By the laws of this State railroad corporations are liable for injuries by the wrongful acts of any lessee, contractor or other person, done in the exercise, by its permission, of any of its franchises; but this liability is limited to "wrongs done by them while in the performance of acts which they would have had no right to perform except under the charter of the company" sought to be made liable.

2. SAME.—Such liability for the acts of others is enforced upon the sole ground that as to such acts they are to be regarded with reference to the

public as the servants or agents of such company although as between themselves and the company they may be lessees or contractors.

3. FRANCHISES—TRANSFER.—Franchises are rights and privileges acquired only by special grant from the public, through the legislature; the grantee can not, by its own act or agreement merely, assign these rights and privileges without recourse as to the liability.

4. SAME.—But the public, through the legislature, may release this liability or consent to its transfer by the grantee without recourse.

5. CORPORATE POWER CONFERRED BY ACT OF MARCH, 18, 1869.—The act of the legislature of March 18, 1869, conferred upon the Indianapolis & St. Louis Railroad Co. as large a power as was possessed by its lessor, and the usual powers of other corporations. The grant of the power, *ipso facto*, abolished the relation of master and servant or principal and agent, previously existing between appellant and its lessee, yet without impairing any obligation of the latter to its lessor, under the lease.

6. RAILROADS—NEGLIGENCE.—Under the facts in this case, since the negligence which caused the injury was that of the I. & St. L. R. R. Co. and occurred in the performance of an act performed in its own right and not under the charter, nor as the servant or agent of appellant, there is no ground on which the action can be maintained against appellant.

APPEAL from the Circuit Court of Montgomery county; the Hon. W. R. WELCH, Judge, presiding. Opinion filed December 4, 1885.

Mr. JOHN T. DYE, for appellant; cited P. & R. I. R. R. Co. v. Lane, 83 Ill. 448; Thomas v. R. R. Co., 101 U. S. 83; York & M. L. R. R. Co. v. Winans, 17 How. 30.

Mr. GEORGE M. STEVENS, for appellee; cited Lesher v. Wabash Nav. Co., 14 Ill. 85; Hinde v. Wabash Nav. Co., 15 Ill. 72; C., St. P. & F. D. L. R. R. Co. v. McCarthy, 20 Ill. 385; O. & M. R. R. Co. v. Dunbar, 20 Ill. 623; I. C. R. R. Co. v. Finnigan, 21 Ill. 646; C. & R. I. R. R. Co. v. Whipple, 22 Ill. 106; I. C. R. R. Co. v. Kanouse, 39 Ill. 272; T. P. & W. R. R. Co. v. Rumbold, 40 Ill. 143; P. & R. I. R. R. Co. v. Lane, 83 Ill. 448; R. R. Co. v. Barrows, 5 Wall. 104; Nelson v. Vermont. Cent. Railroad Co., 26 Vt. 717; Y. & M. L. R. R. Co. v. Winans, 17 How. 39; Ry. Co. v. Brown, 17 Wall. 451; Langley v. B. & M. R. R. Co., 10 Gray, 103; Macon & A. R. R. Co. v. Mayes, 49 Ga. 355; Abbott v. J. G. & H. R. R. Co., 80 N. Y. 27; Winch v. B. & L. R. R. Co., 13 Eng. L. & E. 506; Fontaine v. S. P. R. R. Co., 54 Cal. 645;

St. L., A. & T. H. R. R. Co. v. Balsley.

Stearns v. A. & St. L. R. R. Co., 46 Me. 118 and 119; Bean v. A. & St. L. R. R. Co., 63 Me. 294.

Pleasants, J.   On the 6th day of August, 1881, appellee lost fifty-five tons of hay, worth $12 or $14 per ton, by fire, communicated from a freight engine on appellant's road through dry grass and weeds left on its right of way, and brought this suit for the damages.   The cause was heard by the court without a jury, and judgment rendered in his favor for $600 and the costs.

The only question in the case is, whether appellant is liable upon the facts, which are undisputed.

In September, 1867, appellant made a lease of its road for ninety-nine years to the Indianapolis & St. Louis Railroad Company, a corporation organized under the laws of Indiana, giving it for that time, upon the terms and conditions therein set forth, "the exclusive right to use upon said road, any and all locomotives, passenger and freight cars and all other rolling stock and equipments" then belonging to it, and the lessee agreed to indemnify the lessor "against all claims for loss or destruction, by whatever cause, of any property whatsoever while under its control."   Under this lease the Indianapolis & St. Louis Railroad Company took possession of the road, and operated it continuously and exclusively until after the time of the injury complained of.

By an act of the legislature of this State, of March 18, 1869, it was provided and declared as follows:

"Sec. 11.  That the lease  *  *  under which the railroad extending from Terre Haute, in the State of Indiana, to East St. Louis, in the State of Illinois, is now operated, be and stand confirmed according to the terms of said lease; *Provided*, however, that nothing in this act shall be construed to release the said lessors from any debt, cause of action or contract now existing against them.

Sec. 2.  The said lessees, their associates, successors and assigns shall be a railroad corporation in this State under the said style of the Indianapolis & St. Louis Railroad Company, and shall possess the same or as large powers as are possessed

by said lessor corporation, and such other powers as are usual to other corporations."

Does the act release appellant from liability for the negligence of its lessee here complained of under Sec. 63, Ch. 114 R. S. 1883?

There is no doubt that by the laws of this State railroad corporations are liable for injuries by the wrongful acts of any lessee, contractor or other person done in the exercise by its permission, of any of its franchises. O. & M. R. R. Co. v. Dunbar, 20 Ill. 623; P. & R. I. R. R. Co. v. Lane, 83 Id. 448, and cases there cited.

But this liability for the act of others is limited to "wrong done by them while in the performance of acts which they would have no right to perform except under the charter of the company" sought to be made liable, and is enforced upon the sole ground that as to such acts they are to be regarded with reference to the public as the servants or agents of such company, although as between themselves and the company they may be lessees or contractors. Franchises are rights and privileges acquired only by special grant from the public through the legislature which impose upon the grantee, as the consideration therefor, a duty to the public to see that they are properly used. It can not by its own act or agreement merely assign these rights and privileges without recourse as to the liability, and it can not use them except through agents or servants. Hence, whoever actually and in person uses them must be, as to the public, the servants or agents of the grantee. All this is clearly decided and declared in West v. St. L., V. & T. H. R. R. Co., 63 Ill. 545.

But the public, through the legislature, may release this liability or consent to its transfer by the grantee without recourse. Thomas v. Rail Road Co., 101 U. S. 83. The J. M. Line R. R. Co. v. Winans, 17 How. 30.

The negligence here complained of was not in fact that of appellant but of the I. & St. L. R. R. Co., and occurred in the performance of an act which it could have had no right to perform except in the exercise of a franchise expressly granted by the legislature of Illinois. But was it performed in the

exercise of a franchise granted to appellant and by its permission, and therefore as its agent or servant? Or could its performance have been lawfully prevented by appellant? If these questions must be answered in the negative we know of no ground or principle on which appellant can be held responsible for it.

The road and the locomotive engine, by the use of which the injury to the appellee was done, were undoubtedly the property of appellant, and the possession thereof at the time by the I. & St. L. R. R. Co. was by its permission under its lease. But the injury was not caused by any defect in this property existing at the time it was leased, nor was it leased for any use that was in itself immoral, illegal or dangerous. It was caused by the negligence of lessee in the lawful use of property in itself and in its condition, when leased, fit and proper for such use. In such a case, in the absence of other grounds, the lessor is never liable for an injury so done. So the case is reduced to the simple question above stated, whether the use of the tangible property by the I. & St. L. R. R. Co., which caused the injury, was or was not under and by virtue of the charter of appellant. We think it was not.

We agree with counsel for appellee that a legislative grant of franchise is to be strictly construed in favor of the public, and that the act of March 18, 1869, above quoted, did not change the charter of appellant nor in any way release it from the duties and liabilities imposed by its charter and the laws of this State. Its legal relations and liabilities remain precisely as they were, but the facts are changed. It remains as it was, liable for the acts of others which were performed and could rightfully be performed only under its charter, but the question recurs, was the act under consideration so performed. We agree also that the act did not transfer to the lessee the franchises of the lessor. It created a new corporation and conferred upon it franchises which thereby became its own and independent of the lease from appellant. It did not affect the relations of the new company to appellant as tenant of the tangible property. This was appellant's, not derived from the legislature, though acquired by its authority. The legislature

therefore did not attempt to transfer it and had no power to transfer it without appellant's consent. But it had power without such consent to authorize the lessee to use it consistently with the terms of the lease, as a common carrier with the usual franchise of a railroad company ; and no admissible strictness of construction can raise a doubt that it did authorize it by the second section of the act referred to. That act differed materially from the one involved in Bean v. A. & St. L. R. R. Co., 60 Maine 297, cited by counsel which consented to the lease, but conferred no franchise. Here was granted as large a power as could have been exercised under the lease, and which —being derived from a higher source, possessed by the lessee in its own right and not revocable for any cause by the lessor— was of a higher character and as such superseded it. The grant of this power, *ipso facto*, abolished the relation of master and servant or principal and agent previously existing as to the public between appellant and its lessee, and yet without impairing any obligation of the latter to its lessor under the lease.

Since then the negligence which caused the injury was that of the I. & St. L. R. R. Co. and occurred in the performance of an act performed in its own right and not under the charter nor as the servant or agent of appellant; there is no ground upon which the action can be maintained against it, and the judgment is therefore reversed.

Judgment reversed.