# TOLEDO, ST. LOUIS & KANSAS CITY RAILROAD COMPANY

v.

# JOHN CONROY.

*Master and Servant—Negligence of Master—Personal Injuries—Damages—Release and Satisfaction—Fraud—Independent Contractor.*

1. In work done under the charter powers of a railroad company by a contractor, he exercising the power given said company by its charter, such contractor is a servant of the company so far as the public is concerned, and it has the right to hold the company responsible for his acts, he being in reality the company that is acting.

2. This court declines, in view of the evidence, to interfere with the judgment for the plaintiff in an action brought by a servant to recover for personal injuries suffered through the alleged negligence of his employer.

[Opinion filed February 2, 1891.]

APPEAL from the City Court of East St. Louis, Illinois; the Hon. B. H. CANBY, Judge, presiding.

On the 6th day of January, 1889, appellee was working upon the road bed of appellant in and near the City of East St. Louis. Under orders from his foreman he with a number of others got upon a hand-car to go out on the road to a place where the track was being changed from a narrow to the standard gauge, to assist in this work, and on the way out the hand-car left the track and tipped over and fell upon appellee and broke his leg. It was claimed that the hand-car was in bad repair and particularly that the axles were bent so that the car was liable to leave the track. In addition to the general issue, defendant pleaded a release, and accord and satisfaction. Replications were filed to the second and third pleas, setting up that the settlement was procured by fraud and that the consideration for the same had not been paid. The defendant claimed that plaintiff was not in its employ, but in the employ of one Kneeland, who, under a contract with the company, was engaged in changing the gauge of the track from the narrow to the standard gauge.

Messrs. CLARENCE BROWN, H. A. NEAL and E. C. RHOADS, for appellant.

Messrs. ALEX. FLANNAGEN and JESSE M. FREELS, for appellee.

REEVES, J. The first question raised upon this record is that appellee was the servant and employe of one S. H. Kneeland, who, under a contract with appellant, was reconstructing the track of the railroad company by changing the gauge from the narrow to the standard gauge, and that Kneeland was operating the hand-car which caused the injury to appellee and therefore that Kneeland alone was responsible to appellee for his injury, if any one was liable, and in no event was appellant liable.

Even if we concede that appellee was working for Kneeland, the contractor, we do not see, under the other facts shown,

how that can make any difference as to appellant's liability. It must be conceded, we think, that the work Kneeland was doing was work done in pursuance of the charter powers of appellant to construct a railroad. Appellant had no power directly, through its own immediate agents or by contractors, to construct or reconstruct a railroad on lands acquired for its right of way, except the power derived from its charter. It was engaged in the work of reconstructing its track, through a contractor, and he, in the performance of his contract, was exercising the power given to appellant by its charter. Under these conditions the contractor was the servant of the company, so far as the public were concerned, and the public has the right to hold the company responsible for his acts, because it is really the company that is acting. West v. St. Louis, Vandalia & Terre Haute Railroad Company, 63 Ill. 545; Balsley v. St. Louis, Alton & Terre Haute R. R. Co., 119 Ill. 68.

It, however, appears from the preponderance of the testimony, that the hand-car that caused the injury belonged to the railroad company. There is testimony tending to show that appellee was in the direct employ of the company, and there can be no doubt that he believed he was working for the company and was paid by the company. He was in fact paid from the pay car of the company and by the man who was the paymaster of the company. But as we have seen, it can make no difference under the facts whether he was in the direct employ of the company, or in the employ of Kneeland, the contractor. He was, in either case, the servant of the company, and the company is responsible for his injury. It is further objected that the proof does not show that the axle of the hand-car was bent or sprung. One witness testified that it was, one that he did not know that it was, one that in his opinion it was not, and two others that the motion of the car when running was "zig-zag." This testimony would seem fairly to support the finding of the jury that the axle was sprung or bent. We find no sufficient reason for disturbing the finding of the jury as to the alleged release by appellee of his cause of action. No other questions are raised in the case. The judgment of the City Court is affirmed.         *Judgment affirmed.*