## Charles L. Boyd, Administrator, etc., v. Chicago & Northwestern Railway Company, et al.

### Gen. No. 4,414.

1. CONTRACTOR—*when deemed not to have acted under charter powers of railroad company.* Where a contractor was engaged in removing earth from a bank at the side of the right of way of a railroad company for the purpose of widening the same, he is deemed not to have acted pursuant to the charter privileges of such company, and therefore he is not to be taken as a servant of such company.

2. INDEPENDENT CONTRACTOR—*when railroad company may avail of doctrine of.* Where a contractor at the time of the injury to the plaintiff was performing work for a railroad company, not by virtue of its charter powers in the technical sense, it may avail of the defense of independent contractor by way of defense to the action.

Action on the case for death caused by alleged wrongful act. Error to the Circuit Court of Peoria County; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed March 8, 1905.

HIRAM BLAISDELL and CROWDER & BARRETT, for plaintiff in error.

STEVENS & HORTON, for defendants in error.

MR. PRESIDING JUSTICE FARMER delivered the opinion of the court.

John Lyons was engaged as a common laborer in assisting to widen a cut that had been made through an elevation in the natural surface of the ground for the purpose of laying a railroad track. He with others were shovel-

ing the earth from the bottom of the bank on one side of
the cut into cars for removal, for the purpose of widening
the cut and giving the bank the desired slope. While so
at work, on November 12, 1901, he was injured so seriously
by the fall of a mass of clay from the face of the bank that
he died next day.

In 1900 the Peoria & Northwestern Railway Company,
a corporation, procured the right of way for the purpose of
constructing a railroad from Peoria to Nelson, Illinois, there
to connect with the Chicago & Northwestern Railway. It
afterwards transferred the right of way to the Chicago
& Northwestern Railway Company, and Winston Bros.
entered into a contract with the last named company to
prepare the road-bed and lay and surface the track of a
railroad on this right of way. Winston Bros. sub-contracted
a part of the work to Smith, and Smith sub-let to Goens
that portion of the work where the injury occurred. Goens
was in charge of the work and Lyons was in his employ-
ment at the time of his injury. This suit was brought by
plaintiff in error as Lyons' administrator against the Chi-
cago & Northwestern Railway Company, the Peoria &
Northwestern Railway Company, and the two sub-contract-
ors, George C. Smith and B. W. Goens, as joint defendants.
At the conclusion of the plaintiff's testimony, each of the
defendants requested the court to instruct the jury to re-
turn a verdict of not guilty. The court granted the request
of the two railroad companies and Smith, but denied the
motion of Goens, to which rulings of the court exceptions
were duly preserved. Thereupon defendant Goens intro-
duced his testimony, and at its conclusion on motion of
plaintiff, the court set aside the order directing a verdict
as to the defendant Smith, and plaintiff then dismissed the
suit as to Smith and Goens and moved for a new trial as
to the two railroad companies. The court overruled the
motion, rendered judgment on the verdict returned by
direction of the court, and plaintiff prosecutes this writ of
error.

The reason given by the learned trial judge for directing

a verdict as to the two railroad companies was, that the work of removing and sloping the bank was "not a right, the exercise of which depends upon the holding of a charter by the Chicago & Northwestern or the Peoria & Northwestern Railway companies."

It has been uniformly held in this state, that a chartered company is liable for wrongs done by persons performing work for it, while such persons are engaged in the performance of acts which they would have had no right to perform, except by virtue of the charter powers and privileges of the company. The liability is based upon the ground that in such cases the persons committing the wrong are to be regarded as servants of the company, and that it cannot by delegating the special privileges and powers conferred upon it by its charter, to be exercised by a contractor, avoid liability. On the other hand, it is held that for injuries inflicted by the negligence of a contractor while in the performance of acts which do not require the exercise of special charter powers of the corporation, the contractor is not to be regarded as the servant of the company and it cannot be held liable for his wrongful acts. The question then, to be determined here is, was Goens in the performance of the work under his contract, engaged in the exercise of the charter powers and privileges of the corporation? While the solution of the question is not free from difficulty, we believe it to have been answered adversely to the contention of plaintiff in error by our Supreme Court.

Numerous cases are cited in the brief of plaintiff in error where lessor railroad companies have been held liable for injuries caused by lessee companies operating the road. Also some cases where corporations have been held liable for injuries caused by parties doing work for them under a contract such as was made in this case. Of the latter class may be mentioned Lesher v. Wabash Navigation Co., 14 Ill. 85; Chicago, St. Paul & Fond du Lac R. R. Co. v. McCarthy, 20 Ill. 385; and C. & R. I. R. R. Co. v. Whipple, 22 Ill. 105. In each of these cases it was held that when the injury was caused the contractor was engaged in the

performance of work that could not have been performed except by virtue of the charter powers of the corporation. In the case of West v. St. L., V. & T. H. R. R. Co., 63 Ill. 545, the distinction between work that can only be done by virtue of charter powers and work done independently of such powers, is defined. In that case plaintiff was injured by inhaling the odors of a poisonous substance, of which corrosive sublimate formed a part, and from handling timbers to which it had been applied to prevent decay. The work he was engaged in was building a freight house for the railroad company. He was in the employment of a firm who had taken the contract to construct the road and its appurtenances. The railroad company was held not liable because the work in which plaintiff was engaged might be performed independently of the charter powers of the company. The court cited the cases we have above referred to and others similar in character, and reviewing them, say some of them were cases where the work being done, from which the injury resulted, was work that could not have been performed under any circumstances except for the powers conferred by the charter; in others, that the injury was done by contractors while operating a locomotive and cars, and this was also held to be an exercise of charter powers. In the opinion it is said: " But between all these cases and the one at bar there is a radical difference. In these, the wrong for which the action was brought was committed in the performance of acts which were performed by virtue of the authority of the company derived from its charter, and could have been performed in no other way." The court said there was a radical distinction between the cases holding the company liable and the case then under consideration. Perhaps in its broadest sense a railroad company may be said to be acting under its charter powers in the performance of all its acts in building or making preparation for building its road, but the West case holds that so far as its obligations and liabilities to the public are concerned, it cannot be said that all acts performed by contractors undertaking to do its work are

done by virtue of the authority conferred by its charter. In illustrating the distinction between acts that can only be performed by virtue of authority conferred by the charter, and acts that can be performed independently of the charter, the court said that if a railroad company gave a man a contract to dig and wall a well on its right of way, and the party having the contract should negligently injure some one he had employed to assist him in performing the work, the corporation would not be liable. Further illustrating, the court say: "They (the contractors) hired the plaintiff, through their superintendent, to work for them, and not for the company. Suppose, the day after hiring, they had directed the plaintiff to mount a ladder known to them to be decayed and worthless, could the company have been made liable? Not, we think, without creating a ground of liability hitherto unknown. The wrongful act would not have been done by a servant of the company, or by their direction, or in the exercise of any special power derived from their charter which would authorize us to say that, *quoad hoc*, the contractors were servants or agents."

Adopting the line of reasoning of the West case, which has never been overruled, but often cited with approval, the last time in City of Chicago v. Murdock, 212 Ill. 9, we feel compelled to hold that the work deceased was engaged in does not come within the rule required to render the railroad companies liable. They had procured the land for right-of-way, and removing the earth from the bank at the side of the cut for the purpose of widening it and giving it the desired slope, while it may have been required in proper railroad construction, was no more an exercise of charter powers than the building of a freight house.

Our attention is called to the case of T., St. L. & K. C. R. R. Co. v. Conroy, 39 Ill. App. 351, which has been twice cited with approval by the Supreme Court. In that case the railroad company was held liable to an employee of a contractor for an injury resulting from the negligence of the contractor. Conroy was working for a man who

had a contract with the company to change its track from a narrow to a standard guage. Under orders of his foreman, Conroy was riding on a hand-car with others to his place of work. The car left the track, as alleged, on account of bent and defective axles, and he was injured. That case cites the West case, and the corporation was held liable under the rule announced in that decision. The ground of liability is the same in both cases.

The rule announced in the West case is easily understood, but its application to the facts of a particular case is not free from difficulties, and may be the subject of discussion and differences of opinion.

In Bayer v. C. M. & N. R. R. Co., 68 Ill App. 219, the company was held not liable to an employee of a contractor for an injury sustained by the falling of a bridge upon which the employee was at work under employment by, and directions from, the parties who had the contract from the company "to furnish the necessary labor and material to complete the road-bed and structures for the reception of the ties and rails." It would seem from the opinion in that case, that the ground upon which it was sought to hold the company liable was, that under the terms of the contract with those engaged to do the work, they were not independent contractors. The contract required the work to be done in accordance with plans, specifications and directions of the company's engineer. The contract also provided that the engineer had the right to direct the discharge of any laborer employed by the contractor for incompetency or unskillful or unfaithful work. While the rule announced in the West case is not discussed or referred to in the opinion, it was held that those for whom the injured man was at work were independent contractors and that the company could not be held liable for their negligence. This conclusion, it seems to us, necessarily required holding that the work of building the bridge which was a necessary part of the railroad structure, was not an exercise of a charter power. If it had been, then the contractors would have been treated as servants of the company.

It is true, as stated by counsel for plaintiff in error, that the Conroy case has been cited by the Supreme Court approvingly in Chicago Economic Fuel Gas Co. v. Myers, 168 Ill. 139, and North Chicago St. R. R. Co. v. Dudgeon, 184 Ill. 477, but in each case it was cited with the West case and immediately following this quotation from that case: "In other words, a company seeking and accepting a special charter must take the responsibility of seeing that no wrong is done through its chartered powers by persons to whom it has permitted their exercise."

In both the Myers and Dudgeon cases above referred to and C. & G. T. Ry. Co. v. Hart, 209 Ill. 414, cited in the brief of plaintiff in error, the corporation was held liable for injuries resulting from the negligence of the contractor on the ground that the work being done at the time was an exercise of the corporation's charter powers. In the Myers case plaintiff was injured while at work for a construction company having a contract with the Economic Fuel Gas Co. to do the work of laying pipes to transmit gas through the public streets of the city of Chicago under a charter from the state and a permit from the city to the corporation.

In the Dudgeon case plaintiff was a street car conductor. The company he was employed by had let a contract to a firm to repair its tracks. In doing the work of repairing, the contractor piled stone and granite blocks in the street so near the tracks that the plaintiff while in the discharge of his duties was brought in contact with them and injured. In the Hart case plaintiff sued both the lessor company and the lessee company operating the railroad for an injury alleged to have resulted from a defective axle or journal of a switch engine. Both companies were held liable. In all three of those cases it was said that the acts being performed when the injury resulted, were such acts as could only be performed by virtue of the corporation's charter powers. The facts in these cases will serve to illustrate the circumstances under which a corporation has been held liable for the negligent acts of a contractor. Whatever of confusion there may seem to be in the law of this subject

results from its application to the facts of a particular case. It is not contended by counsel for plaintiff in error that there is any other ground of liability than that announced in the West case. In his brief it is said, that, in order to establish liability it must appear, " that the contractor was exercising, with the assent of the railroad companies, some power which he could not have exercised independently of their charter." His position is that the work Goens was performing when Lyons was injured was the exercise of charter powers. Our view, however, is that under the rule as laid down and illustrated in the West case, Goens, the contractor for whom Lyons was working, was not exercising the charter powers of the corporation.

These conclusions are sustained by Atlanta and Florida R. R. Co. v. Kimberly, 87 Ga. 161, where an interesting discussion of the rule of liability in such cases and the exceptions to it will be found. In an exhaustive note to Covington and Cincinnati Bridge Co. v. Steinbrock, 76 Am. St. Rep. 375 (61 Ohio St. 215), it is said : "A railroad company cannot delegate to a contractor its chartered rights and privileges so as to exempt itself from liability; but a railroad company may employ an independent contractor to construct its road, and a contract of this character is not such a delegation of its chartered rights as will render the company liable for the unauthorized wrongs of the contractor or his servants while engaged in the work. * * * Neither does the fact that the work is to be done subject to the approval of the company make the latter liable for the negligence of a contractor or a sub-contractor," and a large number of cases are there cited as supporting those propositions.

Counsel have discussed the question as to whether Lyons' death resulted from an assumed risk; but having reached the conclusion that the trial court correctly held the railroad companies were not liable, and the suit having been dismissed by plaintiff as to the other defendants, we do not deem it·necessary to determine that question.

The judgment is affirmed.

*Affirmed.*