Charles L. Boyd, Admr.

*v.*

The Chicago and Northwestern Railway Co. *et al.*

*Opinion filed October 24, 1905.*

1. Railroads—*company not liable for act of contractor who is not exercising a charter power.* A railroad corporation is liable for the wrongful act of a contractor while exercising, with the assent of the corporation, some of its charter powers or privileges, but it is not liable for the wrongful act of an independent contractor not exercising any special power derived from the charter.

2. Same—*construction of railway by contractor is not an exercise of special power.* Construction of a railroad by a contractor upon the right of way and property of the railroad corporation, which retains only the general right of supervision to see that the contract is performed, is not an exercise of a special power derived from the charter of the corporation, such as renders the corporation liable for the contractor's negligence. (*Chicago, etc. Gas Co. v. Myers,* 168 Ill. 139, and *North Chicago Street Railroad Co.* v. *Dudgeon,* 184 id. 477, distinguished.)

3. Same—*when liability of corporation is measured by rule governing liability of individuals.* Every act of a corporation is done under its charter, in the sense that if there were no corporation it

could not perform the act; but if the act is one which might rightfully have been done by an individual, no different rule as to liability for such act obtains because it was done by the corporation.

4. SAME—*when railroad is not liable for an injury to sub-contractor's servant.* A railroad company which has procured a right of way and let the contract for grading the same is not liable for an injury to a day laborer hired by a person to whom the contractor had sub-let a portion of the grading, which injury was caused by the falling of overhanging clay while the laborer was shoveling gravel into a car.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding.

HIRAM BLAISDELL, and OLIVER R. BARRETT, for plaintiff in error:

A railway corporation which contracts for the building of a road under the supervision of its own engineer and subject to his orders is liable, under the doctrine of *respondeat superior,* for damage caused by the negligence of the contractor in doing the work. *Chicago* v. *Murdock,* 212 Ill. 9.

A railway corporation is responsible for injuries resulting from the negligent or tortious acts committed by an independent contractor while engaged in the construction of its railroad. *Lesher* v. *Navigation Co.* 14 Ill. 85; *Hinde* v. *Navigation Co.* 15 id. 72; *Railroad Co.* v. *McCarthy,* 20 id. 385; *Railroad Co.* v. *Finnegan,* 21 id. 645; *Railroad Co.* v. *Whipple,* 22 id. 105; *Railroad Co.* v. *Wells,* 66 id. 321; *Railroad Co.* v. *Woosley,* 85 id. 370; *Fuel Gas Co.* v. *Myers,* 168 id. 139; *Railway Co.* v. *Dudgeon,* 184 id. 477; *Railway Co.* v. *Drennan,* 26 Ill. App. 263; *Railroad Co.* v. *Conroy,* 39 id. 351; *Railroad Co.* v. *Dick,* 87 id. 40.

A railway corporation having contracted for the building of its road is chargeable with the damages resulting from the death of a laborer employed by an independent contractor in the construction of the road, where the negligence

of the contractor is the cause of death. *Railway Co.* v. *Hart,* 209 Ill. 414; *Railroad Co.* v. *Conroy,* 39 Ill. App. 351; *Railway Co.* v. *Dudgeon,* 184 Ill. 477.

A railroad corporation is liable for the actionable negligence of those to whom it has entrusted the execution of its powers and privileges. Its liability rests not only on the ground that its contractor or lessee is but the servant or agent of the company, but also on the ground that sound public policy demands that such corporation shall stand charged with the duty to see that the powers and privileges granted to it are properly exercised and discharged. *Railway Co.* v. *Hart,* 209 Ill. 414.

STEVENS & HORTON, for defendants in error:

The deceased was employed by a remote sub-contractor, with whom the defendant railway companies had no connection. The work was being done on their land, and was of just such character as any property owner could do on his own land. It did not require a license or charter power either to enter upon the land or do the work then being done. The railway companies cannot be held responsible for the contractor's negligence, even if any existed, to their employees. *West* v. *Railroad Co.* 63 Ill. 545; *Bayer* v. *Railroad Co.* 68 Ill. App. 219; *Fitzpatrick* v. *Railroad Co.* 31 id. 649; *Foster* v. *City of Chicago,* 96 id. 4; 197 Ill. 264; *Jefferson* v. *Jamison & Morse Co.* 165 id. 138; *Rogers* v. *Railroad Co.* 31 S. C. 378; *Edmunston* v. *Railroad Co.* 111 Pa. St. 316; *Cuff* v. *Railroad Co.* 35 N. J. L. 17; *Eaton* v. *Railway Co.* 59 Me. 520; *Thomas* v. *A. & L. V. Co.* 191 Pa. St. 361; *Bibbs* v. *Railroad Co.* 87 Va. 711; *Hunt* v. *Railroad Co.* 51 Pa. St. 475; *Hughes* v. *Railroad Co.* 39 Ohio St. 461; *Casement* v. *Brown,* 148 U. S. 615; *Hale* v. *Johnson,* 80 Ill. 185; *Railroad Co.* v. *Kimberly,* 87 Ga. 161; *C. C. B. Co.* v. *Steinbruck,* 76 Am. St. Rep. 375.

The relation of an independent contractor is not affected by such provisions in the contract as that the time and man-

ner of doing the work must be satisfactory to the company's engineer, or that the work shall be done under the immediate direction and superintendence of the engineer and to his entire satisfaction and approval. *Foster* v. *Chicago,* 197 Ill. 264; *Gist* v. *Rothschild & Co.* 90 Ill. App. 324; *Construction Co.* v. *Hansen,* 176 Ill. 100; *Casement* v. *Brown,* 148 U. S. 615; *Morgan* v. *Smith,* 35 N. E. Rep. 101.

Nor does a reservation of the right to require the discharge of any foreman or laborer employed by the contractor who does his work in an unfaithful or unskillful manner make the owner responsible. *Boyer* v. *Railroad Co.* 68 Ill. App. 219; *Erie* v. *Caulkins,* 85 Pa. St. 247; *Callahan* v. *Railroad Co.* 23 Iowa, 562; *Harris* v. *McNamarra,* 97 Ala. 181.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

B. W. Goens was a sub-contractor under George C. Smith for grading and preparing a part of the road-bed for a railroad track. Goens hired John Lyons as a laborer, and Lyons was injured by the falling of clay from the face of a bank in widening a cut, and died from his injuries. Plaintiff in error, as administrator of the estate of Lyons, sued Goens and Smith and the defendants in error, the Chicago and Northwestern Railway Company and the Peoria and Northwestern Railway Company, to recover damages, alleging that the death of Lyons was caused by negligence in respect to the bank and in the management and control of the work. At the close of the evidence for the plaintiff the court directed a verdict of not guilty as to the two railway companies and Smith, but denied a motion of Goens to direct a verdict of not guilty as to him. Goens then introduced evidence, after which, on motion of plaintiff, the court set aside the order directing a verdict as to Smith, and the plaintiff thereupon dismissed his suit as to Smith and Goens. A verdict was returned as to the railway companies in accordance with

the direction of the court, and the plaintiff moved for a new trial as to said companies. The court overruled the motion for a new trial and rendered judgment on the verdict. Upon a writ of error from the Appellate Court for the Second District the judgment was affirmed and a certificate of importance was granted, under which a writ of error was sued out of this court to review the judgment of the Appellate Court.

The Peoria and Northwestern Railway Company procured the right of way from Peoria to Nelson, on the Chicago and Northwestern railway, and transferred the right of way to the Chicago and Northwestern Railway Company. The grading of the road-bed was done under a contract between the Chicago and Northwestern Railway Company and Winston Bros., of Minneapolis. Winston Bros. sub-let a part of the grading to Smith, and Smith again sub-let a part of what had been sub-let to him, to Goens. Lyons was hired by Goens, and was shoveling gravel into a car when the overhanging clay fell and struck him.

Counsel are agreed as to the rules of law governing the liability of railway corporations in such cases, and the controversy relates only to the application of such rules to this case. A railway corporation will be held liable for the wrongful act of a contractor while exercising, with the assent of the corporation, some chartered power or privilege of the corporation which he could not have exercised independently of its charter, but it will not be liable for the wrongful act of an independent contractor not exercising any special power derived from the charter. (1 Thompson on Negligence, sec. 671; 3 Elliott on Railroads, sec. 1063.) In the brief and argument for plaintiff in error it is stated that in order to establish the liability of defendants in error, the fact must appear "that the contractor was exercising, with the assent of the railroad companies, some power which he could not have exercised independently of their charter." A railway corporation takes the responsibility of seeing that no wrong is done through the exercise of its chartered pow-

ers by persons whom it permits to exercise them, and if the corporation has a public or statutory duty to perform, the employment of an independent contractor with control of the work will not relieve it from liability. It must perform such duties or be liable for any neglect thereof. The question in this case is whether the construction of a railway by a contractor upon the right of way and property of the railway corporation is the exercise of chartered powers or privileges by the contractor, and it is answered in the negative by the decision in the case of *West* v. *St. Louis, Vandalia and Terre Haute Railroad Co.* 63 Ill. 545. In that case the railway company contracted with a firm of contractors to construct its railroad and appurtenances. A servant of the contractors was injured by the use of a poisonous mixture upon the timbers of a freight house. It was decided that the railway company, in letting the contract, did not commit the execution of any of its franchises to the contractors, and that the contractors, in hiring the plaintiff, were only exercising their private and natural right, and not any special power derived from the charter of the corporation. The settled rule was recognized and stated, and the court pointed out that there was a radical difference between that case and previous ones in which a liability was imposed.

Every act of a corporation is done under its charter, in the sense that if there were no corporation it could not perform the act; but if the act is one which might have been done by an individual, no different rule obtains as to liability merely because there is a corporation. Where a corporation was authorized by its charter to enter upon the premises of individuals and take therefrom materials for the construction of its works, and provision was made for assessing the value of the materials taken and damages occasioned by reason of the taking, and judgment was to be rendered against the corporation for such value and damages, it was held liable for the act of a contractor in taking such materials. (*Lesher* v. *Wabash Navigation Co.* 14 Ill. 85; *Hinde*

217—22

v. *Wabash Navigation Co.* 15 id. 72.) Such an entry could only be made by virtue of the charter, and the privileges and liabilities of the charter attached to the corporation. Again, where acts of incorporation conferred the right to enter upon premises and construct a railroad track over them, and the work was let to contractors, who entered upon land and took down the fences and left them down, resulting in the killing of stock or other damages, the corporations were liable. (*Chicago, St. Paul and Fond Du Lac Railroad Co.* v. *McCarthy,* 20 Ill. 385; *Illinois Central Railroad Co.* v. *Finnigan,* 21 id. 645; *Chicago and Rock Island Railroad Co.* v. *Whipple,* 22 id. 105.) In such cases the contractors were exercising chartered powers in entering upon the lands, and without the charters would have had no right to do so. A railroad corporation is liable for the performance of its duty to keep its road fenced, and can never relieve itself of the duty by committing the work to a contractor. So, also, a railroad company is liable for the trespasses of contractors engaged in constructing its road, in entering upon land without right and digging a ditch and making embankments. *Rockford, Rock Island and St. Louis Railroad Co.* v. *Wells,* 66 Ill. 321; *Cairo and St. Louis Railroad Co.* v. *Woosley,* 85 id. 370.

Plaintiff in error relies upon the decisions in *Chicago Economic Fuel Gas Co.* v. *Myers,* 168 Ill. 139, and *North Chicago Street Railroad Co.* v. *Dudgeon,* 184 id. 477. Those cases were entirely different from this, and they also came within another principle which established the liability of the corporations. In both cases work was being done in the public streets of the city of Chicago, and in such a case there is an implied condition that the grantee of the license or permission will see to it that those using the streets are protected from unnecessary danger on account of the work. In such a case a duty is assumed by the corporation, and it can never relieve itself from the performance of the duty by committing the work to a contractor. The work, in such a case, is inherently dangerous to those using the streets unless per-

formed with proper care and properly guarded. Where work to be done in a street necessarily obstructs and renders it dangerous, the one for whom the work is done cannot avert liability for negligence in doing it by proving that he let the work to a contractor. (1 Thompson on Negligence, sec. 653.) In the case of *Chicago and Grand Trunk Railway Co.* v. *Hart,* 209 Ill. 414, the controversy was whether the liability of the lessor extended to injuries suffered by servants of the lessee in the exercise of chartered powers in running trains over the road. Neither of those cases is applicable here, and the general doctrine is not accurately stated in *Toledo, St. Louis and Kansas City Railroad Co.* v. *Conroy,* 39 Ill. App. 351.

Plaintiff in error insists the railway companies are liable under the decision in *City of Chicago* v. *Murdock,* 212 Ill. 9, on the ground that the Chicago and Northwestern Railway Company retained control and direction of the work. In that case the work was intrinsically and inherently dangerous, and in such a case the rule of *respondeat superior* applies although the work is done by an independent contractor. The commissioner of public works also had control of the manner and method of doing the work, with power to inspect, approve or reject all material and labor and to make alterations in the work. In this case the railway company had no control of the means by which the work was to be accomplished, and there was only a right of general supervision and inspection to see that the contract was properly performed. The contractor had control and direction of the methods and means for the performance of the work, and was an independent contractor, and not a servant of the railroad companies. (Elliott on Railroads, *supra.*)

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*