ROBERT B. LAKE *vs* GEORGE E. BENNETT, JR., *et al.*

MARCH 28, 1918.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

*(1)  Negligence.  Independent Contractor.*

Where a corporation hired a truckman to transport a boiler from one place to another, the contract making no provision as to the route over which it was to be carried or the means or method by which the transportation was to be effected, and the corporation giving no instructions as to the method to be employed and as a matter of fact having no knowledge that it was in transit prior to the accident, the truckman was an independent contractor.

*(2)  Joint Defendant.  New Trial.*

In an action for negligence, where certain counts charged a joint liability of two parties defendant, other counts charged one defendant as the agent of the other, and others charged one defendant as an independent contractor who acted with the knowledge and consent of the other, after a verdict against both parties, where the court find that one defendant was an independent contractor and order judgment in favor of the other defendant, justice requires that the defendant found to be an independent contractor should have an opportunity at a new trial to present his case free from the questions which have been eliminated.

TRESPASS ON THE CASE for negligence.   Heard on exceptions of defendants and sustained.

VINCENT, J.   This is an action on the case for negligence brought by Robert B. Lake against George L. Bennett and the Barker Artesian Well Co., a corporation.

The Well Company was the owner of a steam boiler which was located at Westport Harbor, Massachusetts, and desiring to have the same transported to its plant in Providence, entered into a contract with the defendant Bennett to convey it from one point to the other.   Bennett was engaged in carrying on a general trucking business in Fall River, Massachusetts.   The boiler rested on a four-wheel truck and in that situation Bennett attempted to haul it over the road, sending an employee named Moran to do the job. During the trip to Providence one of the front wheels of the truck became broken.   This occurred on Crandall's Road, so-called, in the town of Tiverton, in the afternoon and at a point a short distance from a bend in the road.   The truck and boiler were on the right hand side of the highway and, as darkness was approaching, Moran placed a lighted lantern on the boiler and left it there.

The following morning, October 14, 1914, the plaintiff, a rural mail carrier who employed a horse and wagon in covering his route, in coming around the bend in the road alleges that his horse became so frightened through the presence of the boiler in the highway that he shied and threw the plaintiff to the ground, injuring him and damaging the wagon.

The plaintiff's declaration is in nine counts.   The first, fourth and seventh counts allege a joint hauling and leaving of the boiler.   The second, fifth and eighth counts allege that Bennett as the agent of the Well Company was hauling the boiler and left it in the road by its direction.   The third, sixth and ninth counts allege that Bennett was doing the hauling as an independent contractor and left the boiler in the road with the knowledge and consent of the Well Company.

It is claimed by the Well Company that the trial court should have granted its motion to direct a verdict in its favor on the ground that Bennett was an independent contractor for whose negligence or the negligence of whose employee the Well Company would not be liable.

(1) An independent contractor as defined by many courts is one who, exercising an independent employment, contracts to do a piece of work, according to his own methods, and without being subject to the control of his employer except as to the result of his work. *Reisman* v. *Public Service Corporation*, 82 N. J. L. 464; *McCarthy* v. *Second Parish of Portland*, 71 Me. 318; *Boyd* v. *Chicago & North Western Ry. Co.*, 217 Ill. 332; *Bennett* v. *Truebody*, 66 Cal. 509; *Good* v. *Johnson*, 38 Col. 440; *Powell* v. *Construction Co.*, 88 Tenn. 692; *Norfolk & Western Ry. Co.* v. *Stevens*, 97 Va. 631.

In the case at bar there is no evidence that the route over which the boiler was to be carried to its destination by Bennett or the means or method by which such transportation was to be effected either entered into the contract or was in any way suggested by the Well Company. The contract between the Well Company and Bennett, so far as it appears, was simply that the latter should transport the boiler and deliver it at the place designated in Providence. The uncontradicted testimony of Bennett is to the effect that he made a contract to convey the boiler from Westport Harbor to Providence and that he received no instruction from the Well Company as to the method which he should employ in so doing. It may be further said that there is no testimony that the Well Company was aware that the boiler was in transit on the day preceding the accident to the plaintiff. The first information given to the Well Company appears to have been the telephone message, two days after the accident occurred, to the effect that the truck had broken down and with the boiler had been left in the roadway. We think that Bennett clearly comes within the well established definition of an independent contractor and that the motion for the direction of a verdict for the Well Company should have been granted.

(2)     In view of this conclusion we cannot see how the discussion of the questions raised by the demurrers to the declaration would serve any useful purpose and we shall not enter upon it.

We think that justice requires that the defendant Bennett should have an opportunity to present his case to the consideration of another jury free from the questions which have now been eliminated, and which may have served both in the presentation of the case as well as in the charge of the court relating thereto to confuse the minds of the jury and perhaps lead them to a conclusion as to this defendant's liability which they might not otherwise have reached.

The third exception of the defendant the Barker Artesian Well Company is sustained. The third exception of the defendant George E. Bennett, Jr., is sustained. The plaintiff may appear before this court on April 3, 1918, if he shall see fit and show cause, if any he has, why this case should not be remitted to the Superior Court with direction to enter judgment for the defendant the Barker Artesian Well Company.

*Sheffield & Harvey,* for plaintiff.

*Comstock & Canning,* for defendant. *Patrick P. Curran,* of counsel.