THE CHICAGO ECONOMIC FUEL GAS COMPANY

*v.*

JOHN MYERS.

*Opinion filed November 1, 1897.*

1. NEGLIGENCE—*parties are jointly and severally liable for injuries caused by their combined negligence.* Parties whose negligence is, in combination, the proximate cause of an injury, are jointly and severally liable for the consequences of such combined negligence.

2. SAME—*when construction company is not an "independent contractor."* A construction company employed by a gas company to perform the work of connecting certain gas mains is not an "independent contractor," where the gas company retains control of the gas in the mains during the continuance of the work.

3. SAME—*when gas company is liable for injury caused by explosion of gas.* A gas company is liable for an injury to a person from an explosion of gas, caused by the combined negligence of a construction company in improperly connecting certain gas mains and of the gas company in prematurely forcing the gas into them.

*Chicago Economic Fuel Gas Co.* v. *Myers*, 64 Ill. App. 270, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. NATHANIEL C. SEARS, Judge, presiding.

This is an action on the case, brought by the appellee, John Myers, against the appellant company on April 21, 1893, to recover damages for a personal injury. The accident happened at the corner of Division street and LaSalle avenue on the north side in the city of Chicago. A trench had been dug at the intersection of these streets to connect the eight-inch gas main laid in LaSalle avenue with the twenty-inch gas main in Division street. Near the point of junction of these two mains workmen were joining and soldering together joints of pipes, the small end of one length of pipe being placed in the bell-shaped end of the next adjoining piece. While this work was going on, the mains were full of gas. In order to prevent the escape of the gas, rubber bags, filled with air blown into them, were placed in the pipes, through holes drilled therein, for the purpose of preventing the gas from escaping. When this process of cementing and soldering had been nearly finished, and the connection of the mains was nearly completed, the foreman in authority ordered plaintiff to go into the trench, and pull out the bag in the LaSalle avenue main. At the same time the foreman directed a watchman to place lights or lanterns over the trench. The foreman also negligently ordered another man to pull one of the bags from the Division street main, so as to permit the gas to flow through that main; and, after the latter was full, the gas escaped into the trench, overcoming plaintiff; the gas took fire and exploded, inflicting the injury complained of.

The declaration consists of two counts. The first count alleges, that the defendant, on December 1, 1892, was engaged in making excavations for the laying of gas-pipes, and in placing, laying and connecting said pipes for the purpose of conducting gas through them, and that the defendant negligently, etc., conveyed said gas through said pipes by not securely confining it within the same by proper safeguards and appliances, but permitted it to escape and come into contact with certain

fires which burned the plaintiff. The accident occurred about half-past six o'clock on the first day of December, 1892, while it was quite dark.

The first trial in the court below resulted in a verdict in favor of the plaintiff. A new trial was then granted; and, after the new trial was granted, the plaintiff by leave of court added a second count to the declaration. The second count charges, that the defendant was the owner or possessor of a large quantity of explosive gas, and that, with the knowledge of defendant, this explosive gas was permitted to enter into and be transported through certain gas-pipes under the public streets, etc.; and that it owed a duty to the public, and the plaintiff, to see that said gas was secured in a reasonably safe way, and not permitted to come into contact with fire thereabouts.

The second trial resulted in a still larger verdict for the plaintiff, but, upon a portion thereof being remitted, judgment was rendered for the balance. This judgment has been affirmed by the Appellate Court, and the present appeal is prosecuted from such judgment of affirmance.

CUSTER, GODDARD & GRIFFIN, and KEEP & CROSS, for appellant:

The owners of powder, placed by them in the possession and control of consignees and by the latter stored so as to cause an injury complained of, are not liable, while the consignees, who had such possession and control, are. *Abrahams* v. *Powder Works*, 8 L. R. A. 378.

If the employer retains no control over the details of the work, but contracts in such a manner that the other party is to do it according to his own ideas and without being subject to the control of his employer in respect to the manner of doing it, the party undertaking to do the work is a contractor, and not a servant. *Andrews* v. *Boedecker*, 17 Ill. App. 213.

The contractor must be in possession of the premises and have the entire and exclusive control of the work in his charge. *Hale* v. *Johnson*, 80 Ill. 185; *Prairie State Loan Co.* v. *Doig*, 70 id. 52; *Kepperly* v. *Ramsden*, 83 id. 354.

JAMES MAHER, (A. W. BROWNE, of counsel,) for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The question in this case, as presented by the briefs of counsel, is not whether there was negligence which caused the injury, but whether such negligence was or was not the negligence of the appellant. It is claimed by the appellant, that a corporation called the Chicago Contract Construction Company, was laying the mains and pipes in question under a contract with the appellant, and was in the possession and control of such mains and pipes. The contention of the appellant is, that the foreman and the watchman and all the laborers at work at the place of the accident were in the employ of the Chicago Contract Construction Company as an independent contractor, and that the appellant is not responsible for any negligence committed by them which caused the injury. In other words, the question of fact in the case is, whether the injury was caused by the appellant, or by said construction company. The principle of law invoked as a defense by the appellant is, that the entire work of laying the gas-pipes and constructing the gas plant was intrusted to an independent contractor, without any right of supervision or control by the appellant; and that, therefore, the appellant, although it authorized the work, is exempt from liability for any resulting injury.

The only error, complained of by the appellant, is, that the trial court refused to give two certain instructions, numbered 6 and 7, asked by the appellant; and

modified, and gave as modified, three other instructions, numbered 8, 11 and 13, asked by the appellant.

Instructions 6 and 7 were to the effect, that, if the jury should believe from the evidence, that the appellant company was not the owner of and had no control over the system of gas-pipes, located at the place where the injury occurred, and that the Chicago Construction Company was the owner of such system of pipes, and that appellant simply had a contract to purchase the system of pipes and gas works from said construction company, then the appellant could not be held·liable in this case. It will be observed, that these instructions predicate the finding of the jury upon the assumed fact, that the appellant was not the owner of the gas-pipes, and say nothing about the ownership of the gas in the pipes.

Instructions 8, 11 and 13 lay down the proposition, that the appellant would not be liable, if it had made a contract for the construction of the system of pipes with the construction company, and retained no control over the manner, in which the construction company should prosecute the work; and the modification, made by the court, was in requiring the jury to find, that the construction company had the entire control of the gas in the pipes, as well as of the pipes themselves, at the time of the accident.

*First*—If it be assumed that the construction company was an independent contractor, the first question is, whether control by the construction company over the gas in the pipes, as well as over the pipes themselves, was necessary to be shown, in order to make the liability that of the construction company. The evidence tends to show, that, even if the mains and pipes were under the possession and control of the construction company, the gas, which was let into the pipes and propelled through them when the accident occurred, was owned by, and under the control of, the appellant. The gas was turned into the pipes when the joints of the pipes were

cemented together, for the purpose of testing the strength and completeness of the juncture. It is clear, therefore, that, even if the accident was due to the negligence of the servants of the construction company in not properly constructing or joining the pipes and mains, yet it was also due to the negligence of the appellant in propelling the gas into and through such pipes, without ascertaining and knowing beforehand that they were in proper condition. The fact, that the construction company had not, at the time of the accident, fully completed its contract, and had not formally turned over the plant to the appellant, would not relieve the appellant from liability for the negligent manner, in which the gas was conveyed through the carelessly constructed pipes, if the appellant was in the actual use of such gas. (*Lebanon Light, Heat and Power Co.* v. *Leap*, 139 Ind. 443).

"It is a familiar principle that where the negligence of two is, in combination, the proximate cause of an injury, either or both may be held responsible for the consequences resulting from their combined negligence." (*Pullman Palace Car Co.* v. *Laack*, 143 Ill. 242; *Kankakee Railroad Co.* v. *Horan*, 131 id. 288).

*Second*—We are of the opinion, however, that the doctrine of "independent contractor" does not apply to the present case. In the first place, the construction company was a mere means or mode, adopted by the gas company for the construction of its system of gas-pipes and gas works. The construction company was a mere instrument or tool used by the gas company for that purpose. The evidence tends fairly and clearly to show, that the construction company was organized and acted simply as the agent or servant of the appellant company. An attempt is here made to evade liability by interposing a construction company as the guilty party. The officers of the gas company were also officers of the construction company. The construction company and the gas company had their offices in the same building, the offices of

the gas company being on the first floor and the offices of the construction company being on the second floor. One Judson was the president of the gas company, and at the same time was consulting and supervising engineer of the construction company. One Yuille was paymaster of the construction company and also an officer of the gas company. One Bryant was supervising the office and fixtures of the construction company in December, 1892, and was also secretary and treasurer of the gas company. One Jelps was in the employ of the gas company and left such employment and worked for the construction company, but at once went back into the service of the gas company. All the officers and employees of the construction company, who testified in this case, were either at the same time connected in some way with the gas company, or passed alternately from the service of one to the service of the other. The contract between the construction company and the gas company contained a provision, that the size of the pipes to be laid should be determined by the gas company; and there are other provisions in the contract, which go to show that the gas company was not to be entirely without control and supervision over the construction of the pipes and the gas plant. The evidence shows, that, on the afternoon of December 1, 1892, two or three hours before the accident occurred, Judson gave the order for letting the natural gas into the pipes; and he testifies, that he is unable to state whether he gave such order as the president of the gas company, or as the supervising engineer of the construction company. Certain it is, that he supervised the construction of the gas-pipes and the gas plant; and it is just as natural to suppose, that he did it as the president of the gas company, as that he did it as the supervising engineer of the construction company. The law is quite clear, that a corporation cannot thus shift its responsibility upon another corporation which is its mere agent and tool. It cannot be doubted, that, if the appellant had employed a

natural person to construct its gas-pipes and mains, and used them for the purpose of passing its own gas through them during the process of construction, it would be liable jointly with such natural person for its torts. "There is no magic in a corporate organization, where the corporation itself is in fact employed for the accomplishment of the same result, which can exempt the employer from the same responsibility."(*Kankakee Railroad Co.* v. *Horan, supra; West Chicago Street Railroad Co.* v. *Morrison, etc. Co.* 160 Ill. 288).

In the second place, while it is the general rule, that the principle of *respondeat superior* does not extend to cases of independent contracts, where the party, for whom the work is to be done, is not the immediate superior of those guilty of the wrongful act, and has no choice in the selection of workmen, and no control over the manner of doing the work under the contract, yet one of the exceptions to this general rule is, where the contract directly requires the performance of a work, which, however skillfully done, will be intrinsically dangerous. "One who authorizes a work which is necessarily dangerous, and the natural consequence of which is an injury to the person or property of another, is justly to be regarded as the author of the resulting injury." (*Village of Jefferson* v. *Chapman*, 127 Ill. 438; *City of Joliet* v. *Harwood*, 86 id. 110). Here, the appellant authorized a work to be done, which required the propelling of explosive gas through pipes not yet thoroughly cemented and joined together. It cannot escape liability for the consequences of such dangerous work, upon the plea that those engaged in it are the servants of a construction company.

In the third place, the appellant was a corporation authorized by its charter to deal in gas. The proof shows, that the permit to do all the work connected with the laying of the gas-pipes was issued by the department of public works of Chicago to the appellant company, and

not to the construction company. The appellant was thus engaged in the work of laying pipes to transmit gas through the public streets of the city under a charter of the State of Illinois, and under a permit from the city of Chicago. It cannot, therefore, avoid liability for acts under its corporate franchises by simply letting a contract to a construction company. Even though the person who causes the injury is a contractor, he will be regarded as the servant or agent of the corporation, for whom he is doing the work, if he is exercising some chartered privilege or power of such corporation with its assent, which he could not have exercised independently of the charter of such corporation. "In other words, a company, seeking and accepting a special charter, must take the responsibility of seeing that no wrong is done through its chartered powers by persons to whom it has permitted their exercise." (*West* v. *St. Louis, Vandalia and Terre Haute Railroad Co.* 63 Ill. 545; *Balsley* v. *St. Louis, Alton and Terre Haute Railroad Co.* 119 id. 68; *Toledo and St. Louis Railroad Co.* v. *Conroy*, 39 Ill. App. 351).

It is manifest from what has been stated, that the court committed no error in refusing the instructions refused, or in modifying the instructions modified, because they were predicated upon the theory, that appellant's liability could be based only upon its control over the system of pipes and mains located at the place of the injury, and because the element of control over the gas itself was entirely ignored, and also because, under the circumstances, the construction company cannot be regarded as an independent contractor.

The judgments of the Appellate Court and of the Superior Court of Cook county are affirmed.

*Judgment affirmed.*