**Peoria, Bloomington & Champaign Traction Company, Appellant, v. Patrick O'Connor, Appellee.**

1. NEGLIGENCE—*when defense of independent contractor applies in favor of one exercising license in public street.* While the grantee of a license in a public street ordinarily is not protected by the doctrine of independent contractor, yet if the injury is one which bears no causal connection with the license, the defense of independent contractor may be successfully interposed.

2. NEGLIGENCE—*when issue of independent contractor should be submitted to jury.* Held, that the evidence in this case was such

as to tend to show that the owner and the alleged independent contractor were one and the same concern although separately organized; that therefore the issue as to whether or not such construction company was an independent contractor should have been submitted to the jury under proper instructions.

3. INSTRUCTIONS—*must not submit questions of law.* Instructions are improper which leave to the jury the determination of questions of law.

Action in case for personal injuries. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1908. Reversed and remanded. Opinion filed June 22, 1909.

SIGMUND LIVINGSTON and WILLIAM R. BACH, for appellant.

HART & FLEMING, for appellee.

PER CURIAM. This is an appeal from a judgment awarding appellee $3,000 damages for injuries to his person resulting from the alleged negligence of appellant. The first count of the declaration charges substantially that on December 20, 1906, the defendant was engaged in lifting, moving and working with a certain heavy iron pole with a mass of concrete attached thereto, by means of a derrick and ropes; that the plaintiff was in the service of the defendant as a laborer and was working at the windlass under the foreman of the defendant; that the defendant negligently used an old, weak and insufficient rope with which to lift and move said pole, and failed to use guide ropes with which to control, guide and manage said pole; that by reason thereof the said rope broke and caused the pole to fall against the plaintiff, thereby injuring him.

The evidence discloses the following facts: That the appellant company was by an ordinance of the city of Bloomington given permission to construct, maintain and operate a railway along certain streets and public places in that city. On December 20, 1906, the Central Illinois Construction Company, which had been employed by appellant to construct its railroad,

was engaged in lifting an iron pole from the ground at the intersection of Centre and Monroe streets. The pole in question was about thirty feet long, set about six feet in the ground, and weighed about 1,350 pounds. Attached to its base was a mass of concrete weighing about 5,600 pounds. The machinery used in raising the pole consisted of a derrick and pulleys in connection with which was a tripod and chain blocks. The rope used on the derrick was wrapped around the drum of the windlass and ran through the pulley at the top of the derrick and then extended downward and was fastened around the pole close to the ground. No guy ropes were used to hold or support the pole.

The gang with which appellee was working by the direction of the foreman made several turns of the windlass and with the assistance of those working at the chain blocks had raised the pole together with the mass of concrete to the surface of the street, when the rope on the derrick suddenly broke, causing the pole and tripod to fall. The pole caught appellee, pinned him to the ground and badly injured him. The evidence adduced by appellee tended to show that the rope in question was weak and insufficient and that the accident was the result of such condition, while that introduced by appellant tended to show that the rope was in good condition at the time and that the breaking of the same was due to the fact that the windlass was negligently being worked faster than the chain block, thus throwing a greater strain upon the rope than it was intended to bear, and causing it to break.

Whether the rope in question was defective as charged and whether its condition or the absence of guy ropes were the proximate cause of appellee's injuries, were questions of fact for the jury. There was evidence fairly tending to establish the averments of the declaration and the court therefore did not err in refusing to direct a verdict in favor of appellant. We are unable to say after thoroughly examining the record that the findings of the jury upon the issues as

to the negligence of the appellant, and due care upon the part of the appellee, were manifestly contrary to the evidence, or that the evidence failed to justify the further findings that the risk of injury he received was not assumed by him, as one incident to his employment, and that the same was not occasioned solely by the negligence of a fellow servant or servants.

Counsel for appellant insist that the negligence, if any, was that of the construction company; that such company was an independent contractor, and the rule of *respondeat superior* therefore does not apply. They concede that as the work in question was being done by the construction company upon the public grounds of the city, under a license granted to appellant by the city, and without which the construction company would not have been permitted to do the work, appellant would be liable for any negligence of the construction company which might result from an injury to a citizen using the street. They insist, however, that appellee being a servant of the construction company, cannot invoke such rule, for the reason that the same only applies where the contractor has, by a wrongful act or negligence, occasioned damages to a member of the public.

It is well settled that where work is being done in the public streets of a city, there is an implied condition that the grantee of the license or permission will see to it that those using the streets are protected from unnecessary danger on account of the work. In such case a duty is assumed by the grantee, and it can never relieve itself from the performance of the same by committing the work to a contractor. Where work to be done in a street necessarily obstructs and renders it dangerous, the one for whom the work is done cannot avert liability for negligence in doing it by proving that he let the work to a contractor. Boyd v. C. & N. W. Ry. Co., 217 Ill. 332. There was doubtless a duty resting upon appellant growing out of the privilege conferred upon it, to keep the public streets and grounds in a safe condition for the passage of travel-

ers and others having occasion to use the same. If appellee had been injured while using such public street or ground as a passerby thereon, appellant could not have relieved itself of liability for its negligence in creating such condition merely because the construction company had failed to do its duty. Appellee when injured was not in the exercise of his right as a citizen to use the public street. There was no causal connection between the negligence and the accident, and the particular place where the same occurred. We are therefore of opinion that the rule in question is inapplicable in the present case.

The cases of Gas Co. v. Myers, 168 Ill. 139, and N. C. St. R. R. Co. v. Dudgeon, 184 Ill. 477, relied upon by counsel for appellee, do not support their contention. In the first case the gas company had control over the gas mains while the contractor whose servant was injured was doing certain work thereon. In the latter, the person injured was not a servant of the contractor but a servant of the corporation hiring the said contractor, and which said servant was employed by said corporation in another distinct branch of work.

It was therefore essential to recovery in the case at bar that appellee should have established the fact that the construction company was not an independent contractor. The evidence relative to this issue shows that the construction company had since its formation done work for appellant only; that both companies occupied the same offices, and that their funds were deposited in the same bank, although under separate and distinct accounts; that the checks given to appellee in payment of his wages had printed upon the face thereof the words "For Peoria, Bloomington & Champaign Traction Company, No. N 15," and that McComb, the auditor of the construction company, afterward occupied a similar position with the appellant company. This evidence, while not conclusive, we think warranted the court in submitting to the jury, under proper instructions, the question as to whether or not the two companies were identical in fact,

THIRD DISTRICT—JUNE, 1909.    603

although apparently separate and distinct organizations, or whether the relation of the construction company was that of an independent contractor.

By the second instruction given at the request of appellee, the jury was told that "even though the injury, if any, was caused by a contractor or the servants of a contractor, then the contractor or the servants of the contractor will be regarded as the servant or servants of the defendant for which the contractor or the servants of the contractor were doing the work, if the contractor or its servants was or were exercising some charter privilege or power of the defendant with its assent which the contractor or servants could not have exercised independently of the charter or power granted to the defendant." The instruction not only submitted to the jury a question of law, but it further announced a rule which for the reasons heretofore stated was inapplicable to the evidence.

The judgment of the Circuit Court must therefore be reversed and the cause remanded for another trial.

*Reversed and remanded.*

