**THONI TRUCKING COMPANY, Inc., and Richard E. Thoni, Appellants,**

v.

**Elden M. FOSTER, Sarah Knight, and Raymond L. Foster, Appellees.**

No. 13012.

United States Court of Appeals
Sixth Circuit.

April 26, 1957.

Hugh C. Howser, Nashville, Tenn., Albert Williams, Williams, Harwell, Howser & Thomas, Nashville, Tenn., on brief, for appellants.

Henry Goodpasture, Nashville, Tenn., William F. Carpenter, J. C. Dale, Jr., Goodpasture, Carpenter & Dale, Nashville, Tenn., on brief, for appellees.

Before ALLEN, McALLISTER and STEWART, Circuit Judges.

PER CURIAM.

On August 17, 1953, near Hartford, Illinois, a gasoline tank truck owned by the Thoni Trucking Company, Inc., was involved in an accident in which severe injuries were sustained by the appellees. They recovered default judgments against the corporation in the Circuit Court of Madison County, Illinois, on May 26, 1955. Executions thereon were returned unsatisfied. Appellees subsequently brought suit in the Middle District of Tennessee, and the district court held appellant Richard E. Thoni personally liable for the amount of the Illinois judgments. This appeal followed.

All but two shares of the Thoni Trucking Company, Inc., were owned by Thoni. Its board of directors consisted of himself, his wife, and his father, the latter two each holding one share of stock. Shortly after Thoni learned of the accident the board of directors of the corporation took various steps which resulted in stripping the corporation of all of its assets. Substantial sums were paid out to Thoni in the guise of salaries and dividends, and the remaining assets and business operations of the Thoni Trucking Company, Inc., were tranferred to another corporation owned by Thoni. Thoni caused misleading correspondence to be sent to appellees, first directing them to seek recovery from the Thoni Trucking Company, Inc., and later advising appellees that this corporation was no longer operating and had no substantial assets.

While we do not agree with the district court that Thoni Trucking Company, Inc., was a fraud and a sham from its inception, it is abundantly clear that following the accident, Thoni utilized his position of dominance and control over the corporation for the fraudulent purpose of depriving appellees of their rightful recovery. In such a situation Tennessee law provides that the corporate entity may be disregarded. T. Towles & Co. v. Miles, 1915, 131 Tenn. 79, 173 S. W. 439; Dillard & Coffin Co. v. Richmond Cotton Oil Co., 1918, 140 Tenn. 290, 204 S.W. 758; Fidelity Trust Co. v. Service Laundry Co., 1929, 160 Tenn. 57, 61–63, 22 S.W.2d 6, 7–8. Cf. Fidelity Mutual Life Ins. Co. v. Guess, 1937, 171 Tenn. 205, 216, 101 S.W.2d 694, 698. See also Texas Co. v. Roos, 5 Cir., 1937 93 F.2d 380.

The judgment is affirmed