THEODORE C. KELLER *et al.* Appellants, *vs.* EVAN FITZGERRELL, *et al.* Appellees.

*Opinion filed April 19, 1911.*

1. ACCOUNTING—*when chancellor's finding that complainants have no interest will not be set aside.* A finding by the chancellor, in a proceeding for an accounting for the profits arising from the sale of options, that the complainants have parted with their interest in said profits for a valuable consideration will not be set aside by the Supreme Court, where the witnesses who testified in favor of the defendants greatly outnumber those for the complainants and there is nothing in their testimony which is improbable or unreasonable and nothing in the record to show that such finding is palpably wrong.

2. STATUTE OF FRAUDS—*party desiring to rely on the Statute of Frauds must raise question on the trial.* Where the defendants to a proceeding for an accounting for a share of the profits arising from the sale of options claim that the complainants had transferred to the defendants their interest in such profits, the complainants are not entitled to set up, in a court of review; that such transfer was not in writing and was therefore within the Statute of Frauds, where, even if it were admitted that the statute applies to such a transfer, the question was not raised in the trial court.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Franklin county; the Hon. J. R. CREIGHTON, Judge, presiding.

UNDERWOOD & SMYSER, I. R. SPILMAN, and B. W. POPE, (ARTHUR W. UNDERWOOD, of counsel,) for appellants.

GEORGE B. GILLESPIE, (W. S. CANTRELL, WEBB & WEBB, and GILLESPIE & FITZGERALD, of counsel,) for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed by appellants, Theodore C. Keller and A. B. Steffens, in the circuit court of Franklin county, against the appellees, Evan Fitzgerrell, S. B. Espy, F. H. Stamper, and others, for an accounting. An answer and replication were filed and a hearing was had before the court, and a decree was entered dismissing the bill for want of equity, which decree was affirmed by the Appellate Court for the Fourth District, and that court having granted a certificate of importance, a further appeal has been prosecuted to this court.

It appears from the record that prior to May 25, 1907, the appellees, Fitzgerrell, Espy and Stamper, had acquired options for the purchase of the coal, oil and gas in some three thousand acres of land in Franklin county, which options expired July 1, 1907, or later; that on May 25, 1907, they entered into a contract in writing with the appellants, Keller and Steffens, whereby it was agreed to prospect for coal, oil and gas in said land, and to purchase, sell, lease or otherwise dispose of the coal, oil and gas in said land. The contract provided (1) that in the event either party was able to sell, lease or dispose of said options, the net profit derived from such sale or lease should be equally divided between said appellees and appellants; (2) that a drill hole should be promptly bored to and through the coal on said land at the joint expense and under the supervision of the appellees and appellants; (3) that if the boring

should disclose the presence of sufficient and satisfactory coal, and if at the expiration of said options a sale or lease had not been made, they would jointly purchase the coal, oil and gas underlying certain designated portions of the land covered by said options, and any adjoining land that might be deemed necessary in order to control a compact body of land; (4) that if sufficient and satisfactory coal and satisfactory conditions were found at the point where the prospect was made, and if any part of the land covered by said options was purchased, then the appellants would . purchase of the appellees an undivided one-half interest in the coal, oil and gas in a two hundred acre tract owned by the appellees, which was described, at the rate of $27 per acre; (5) that if the appellees secured any renewals of the options covered by the contract, with or without expense, the contract should apply to such renewals. It also appears that on August 24, 1907, appellees and appellants entered into a supplemental contract in writing, whereby it was stated that they jointly own the coal, oil and gas underlying the surface of certain land in Franklin county in fee, and it was agreed that either of the parties should have the privilege of selling all of said land, for a period of one year from that date, at not less than $35 per acre, and that a proper conveyance should be executed, and the consideration, less the necessary expense, be divided between the parties, according to their interest in the land. It further appears that appellees and appellants acquired, jointly, the fee title to the coal, oil and gas in four hundred and twenty-six acres of land, for which they paid $27 per acre; that the appellees sold all the land owned by the parties in fee and upon which options were held, to Loren N. Wood at $35 per acre. Loren N. Wood was made a party defendant to this bill, and he filed a cross-bill and brought into court the unpaid purchase price of said options, the purchase price of the fee land having been paid prior to

the date of the filing of this bill and received in equal proportions by the appellees and appellants.

The question involved in this litigation is, are the appellants entitled to one-half of the net profits arising out of the sale of the options held by the appellees and sold to Loren N. Wood? It is obvious, we think, that under the contract of May 25, 1907, the appellants were entitled to receive one-half of the net profits arising from the sale of said options unless they have parted with such right, and such was the view of the Appellate Court. That court, as well as the trial court, held that in the month of January, 1909, the appellants sold and surrendered all their interest in the fee land and in the options to the appellees for the sum of $7455, which was paid to the appellants, and that the appellants thereafter had no interest in said options, and as we view this controversy (no cross-errors having been assigned) a correct decision of the case hinges upon one question, namely, did the appellants in the month of January, 1909, sell their interest in the fee land and the options held by the appellees, and surrender their rights therein, to the appellees for the sum of $7455? If they did, then the appellants have no interest in the profits arising from the sale of the options. If such sale was not made, then the appellants are entitled to one-half of the net profits arising from the sale of said options. The question thus presented for decision is one of fact. The evidence upon that question was conflicting. The case was heard in open court and the chancellor saw and heard the witnesses and his opportunities for judging as to their truthfulness was much better than ours, and the rule is that this court will not disturb a finding of the chancellor as to the facts where he has had the advantage of hearing the evidence as it is given by the witnesses, unless we can say his findings are palpably wrong. The witnesses for the appellees were three to one in favor of appellees and against the appellants, and there is nothing in the testimony of the

witnesses for the appellees which shows their statements to be improbable or unreasonable. We· are disposed, therefore, to hold that in the month of January, 1909, the appellants parted with all their interest in the fee land and in the prospective profits in the options, and that they are entitled to no part of the profits received from the sale of said options to Loren N. Wood.

It is, however, urged by the appellants that the sale was within the Statute of ₐFrauds, and as it was not evidenced in writing the sale of their interest to the appellees in said options cannot be enforced. No interest in the options or in the coal, oil or gas, or in the land covered by said options, was transferred to the appellants by the contract of May 25, 1907. All the right the appellants acquired in said options by that contract was the right to share in the profits in case said options were sold or leased. The surrender of the right to the prospective profits in said options was not such an interest in land as could only be surrendered to the appellees in writing. If, however, it were held that the surrender of the said profits was within the Statute of Frauds, the statute was not pleaded, nor was the question that the surrender of the right to share in said profits was within the Statute of Frauds and should have been evidenced in writing raised upon the trial in any way, so far as we are able to discover. If the appellants desired to rely upon the Statute of Frauds they should have raised that question in some proper manner in the trial court. This they failed to do.

We have examined the record with care, and finding no reversible error therein the judgment of the Appellate Court will be affirmed.                     *Judgment affirmed.*