## CHARLTON KARNS, et al. v. ROBERT L. LOFTIS, et al.

Eastern Section.　October 31, 1925.

Certiorari denied by Supreme Court, February 12, 1926.

1. **Pleading.　Process.　Suing a defendant by wrong name is a matter of abatement only.**
   In an action to avoid a judgment on grounds that parties were not properly named and served with process, held suing a defendant by wrong name is a matter of abatement only and will not avoid a judgment against him if he has been actually served. An actual appearance is the equivalent of personal service within the meaning of this rule. Hence, where a party is sued by a wrong name and he appears to the suit and does not plead the misnomer in abatement, and judgment is rendered against him in an erroneous name, execution may be issued upon it in that name and levied upon the property and effects of the real defendant.

2. **Prosess.　Where parties appear and are represented in the trial by counsel the service of process is waived.**
   In an action against a partnership where individual partners were not served with process ·but appeared and were represented by counsel, held service of process waived and judgment rendered is binding.

3. **Courts.　Jurisdiction.　Court of appeals is without jurisdiction where constitutional question involved.**
   In an action to avoid judgment because of lack of service of process, held no constitutional question involved and court of appeals had jurisdiction.

4. **Judgments.　Judgment against partnership by firm name not good. against individual partners at common law.**
   At common law there was no means of suing or of obtaining judgment against a partnership as such; and it was necessary that the members. of the partnership should be individually served with process.

5. **Partnerships.　Common-law rule as to partnership changed by Acts. 1917, chapter 140.**
   · The status of partnership relations and property has been radically changed in Tennessee by Acts 1917, chapter 140.

6. **Judgment. Partnership. Judgment against partnership under firm name is good by virtue of Act 1917, chapter 140.**

A judgment obtained against a partnership under the firm name is good and may be satisfied out of partnership assets by virtue of Acts 1917, chapter 140.

Appeal from Chancery Court, Knox County; Hon. Charles Hayes Brown, Chancellor.

Reversed.

A. C. Grimm, and Steinmetz and Mitchell, Knoxville, for appellant.

Lee, Price and Meek, Knoxville, for appellee.

PORTRUM, J. Complainants Charlton Karns, George W. Callahan, J. G. Sterchi and J. A. Kingsolver, partners operating under the firm name of Racy Cream Company, filed this bill against Robert L. Loftis and Capt. R. L. Blevins, Marshal of the Supreme Court, to enjoin the execution of a writ of execution in the hands of Blevins, Marshal, issued by the Clerk of the Supreme Court in the case of Racy Cream Company v. Robert L. Loftis, covering a judgment of $1602.85, including interest and costs, on the ground that they were not properly served with process in the suit in which the execution was issued, and because the judgment entered in said cause was void for indefiniteness, not naming them as parties to be charged therein, but reciting the judgment was entered in favor of the plaintiffs and against the defendant, and the name used throughout the trial as representing the defendant being the Racy Cream Company, a trade name. An injunction was issued staying the enforcement of the execution, the case was finally heard upon the bill and answer and exhibits, including the transcript of the record in the case of Racy Cream Company v. Robert L. Loftis. The chancellor was of the opinion that the judgment entered in said case was void and perpetually enjoined the enforcement of the execution. The defendant has appealed and assigned errors.

A short history of the case of Robert L. Loftis v. Racy Cream Company, as styled in the circuit court, is as follows:

Robert L. Loftis was a mail carrier in the city of Knoxville, and while engaged in his duties was run down by a truck of the Racy Cream Company and injured. He filed a suit for damages in the circuit court of Knox county against the Racy Cream Company as a corporation, his declaration states that the company is a corporation, and the company filed a paper entitled an affidavit, but which was treated as a plea in abatement and which stated that the said company was a partnership. It later filed a plea in abatement signed by W. O. Lintz, who was shown to have been an agent of the Racy Company, and sworn to by him. An order was entered reading as follows:

"In this cause the plaintiffs moved to amend the declaration so as to strike out the words, to-wit: 'A corporation' appearing therein, is allowed, and said declaration is accordingly amended.

"Comes the Racy Cream Company, by Maynard and Lea, attorneys, and for plea to the amended declaration filed herein, says it is not guilty of the matters and things alleged herein and of this it puts itself on the country.

"Comes W. O. Lintz and says he is manager and agent for the Racy Cream Company, which is a partnership, doing business as the Racy Cream Company, the same being used as a trade name only; that the summons shows on its face that service was had on Charlton Karns, president of the Racy Cream Company; there has been no service on any other member composing the partnership and it is denied that the said Charlton Karns is president of the Racy Cream Company.

"W. O. Lintz.

"Subscribed and sworn to before me, this the 16th day of September, 1921.

"Fred E. Carter, Clerk."

"Which plea in abatement being well understood and considered by the court is by the court overruled and disallowed, to which action of the court defendants except.

"Thereupon came parties by their attorneys and came also a jury, to-wit:"

The plaintiff below obtained a judgment against the defendant, which judgment in part is in the following words:

"The jury having heard all the evidence and argument of counsel and having received the charge of the court, upon their oaths do say that they find the issues joined in favor of the plaintiff and against the defendant, and assess the damages in the sum of $1500. It is therefore considered by the court that plaintiff will have and recover of the defendant the sum of $1500, together with all the costs of this cause, for which execution may issue."

The defendant entered a motion for new trial, the opening sentence reads:

"Comes the defendant by attorneys and moves the court to set aside the verdict and grant it a new trial for the following reasons, to-wit:" Signed by Lea and Price and James M. Meek, attorneys.

To the order overruling the motion for a new trial "the defendant excepts and prays an appeal." The motion for a new trial set out no ground of error based upon the overruling of the plea in abatement, and if the circuit judge committed error in this respect, his action is conclusive upon all parties.

The case was carried to the Court of Civil Appeals and affirmed by that court. A certiorari was granted to the Supreme Court and the judgment of the Court of Appeals was affirmed. The adjudging clauses of the order reading as follows:

"It is therefore ordered and adjudged by the court that the defendant in error have and recover of the plaintiff in error the sum of $1500, together with the cost of the court below; that the defendant in error have and recover of the plaintiff in error and William Baxter Lee and James M. Meek, sureties on the appeal bond, the further sum of $102.85 interest," etc.

Upon this judgment the execution issued which is attacked in this case.

The first proposition is that the members of the partnership were not served with process and were denied their day in court, and for this reason the judgment entered in the case is void.

Charlton Karns, a member of the partnership, was served with process, the fact that it was against him as president of the Racy Cream Company may have been true even though the company was a partnership, or it may have been a misnomer, but he could only take advantage of the misnomer by a plea in abatement. This he did by the plea filed by the agent of the partnership, which was ruled adversely to him and from the ruling he did not appeal; or if this plea was made by a party unauthorized to make it, then Karns failed to plead and lost the benefit of any advantage growing out of the misnomer.

"Suing a defendant by a wrong name is a matter of abatement only and will not avoid a judgment against him if he has been actually served. An actual appearance is the equivalent of personal service within the meaning of this rule. Hence, where a party is sued by a wrong name and he appears to the suit and does not plead the misnomer in abatement, and judgment is rendered against him in an erroneous name, execution may be issued upon it in that name and levied upon the property and effects of the real defendant. Even a corporation cannot take advantage of its being incorrectly named as a party defendant in an action otherwise than by plea in abatement. Failing to make such a plea, a judgment against it cannot be avoided because of a misnomer. 15 R. C. L., 599; Black on Judgment, sec. 213." Hunter v. Swadley, 141 Tenn., 162.

The other members of the partnership, who in fact were not served with process, appear to have been represented by an agent of the partnership in the conduct of the lawsuit. The attorneys Maynard and Lee filed a pleading averring that the company was a partnership and undertook and did act for it in signing the company's name as its attorneys to the pleas as well as the appeal bond and purporting

to act and acting as the attorneys of record. The bill in this cause filed in the name of the proper persons composing the partnership does not allege that the partnership nor the individual members were not represented by counsel in the said suit, and that they did not actually defend said suit. The record shows that the partnership was represented by counsel, and is not impeached by proper pleadings in this case, then this question is not in issue and the members of the partnership are bound by the acts of the attorneys purporting to represent them in that case. Where a party is represented in a suit it is immaterial whether or not he has been served with process, he having had advantage of the benefit of process.

"Prior to the filing of the original suit, Bayless, Crouch and Galloway were the trustees of the old church. It appears however. from the minutes of that organization, that Crouch and Bayless resigned October 6, 1909, The original bill was filed November 4, 1909. So at the time the first suit was brought, Crouch and Bayless were not actually trustees.

"Although the church was not therefore properly impleaded in such a way as to bind its property, had a suitable defense been interposed, we think that the subsequent procedure of the church precludes any objections to the judgment on this account.

"Beyond all question the church treated this suit as one against it and as an effort to hold its property. While the authority of the trustees and the sales committee to bind the church for this agent's commission was denied, nevertheless the church answered the original bill through these defendants named as its representatives." Hunter v. Stadley, supra.

The complainants set out in the original bill that by reason of the fact that they were not served with process, they have been denied constitutional guarantees and allege that the judgment violates the state and federal constitution. If this contention were well founded this court would be without jurisdiction, but the court is of the opinion that a constitutional question is not properly raised by the pleadings and the question solely is, were the defendants properly before the court, and did they have their day in court? If they did, no constitutional right has been violated, and if they did not, the judgment will not be enforced. against them, and no constitutional right infringed.

The most difficult question, however, raised under the assignments of error is that the judgment is void because indefinite, it being the theory that the defendant mentioned in the judgments meant the Racy Cream Company, which was the firm name of the partnership, and it is insisted that the judgment to be valid should have been against the individual members of the corporation.

"Partners at common law and generally today in the absence of statutory authority changing the common law cannot be sued in the firm name. Instead it is necessary that all partners, so far as the partnership's assets are involved, should be made defendants, with the possible exception of dormant partners.

"At common law there was no means of suing or of obtaining judgment against a partnership as such, and it was necessary that the members of the partnership should be individually served with process." 20 Rul. Cas. Law, secs. 155 and 156, p. 936.

"At common law a partnership or firm is not regarded as a legal entity, and for this reason the rule may be stated as general, and in the absence of statutory provisions, as universal, that all actions brought by partners involving partnership claims must be brought by the persons who compose that partnership. To this proposition it is scarcely necessary to recite authority, but if such were required a full collection of supporting cases can be found in footnote 3, page 839, Vol. 15, of the Enc. of Plead. & Prac. So it is apparent that in the face of this rule neither one of the members, nor any member less than all, could maintain the present suit, and it would seem to follow that where all are required to be parties plaintiff, and one was disqualified by a statutory inhibition, all must be repealed." Harris v. Water & Light Co., 108 Tenn., 247.

"If J. C. Jacobs Banking Company is not a corporation but a partnership, and if J. C. Jacobs is a member of such partnership, service of process upon him did not operate to bring the partnership of the J. C. Jacobs Banking Company before the court. In such case, service of process upon J. C. Jacobs could only operate, and did only operate, to bring him before the court, and did not authorize, and could not authorize, the justice to render a judgment against the J. C. Jacobs Banking Company. For service of process in a case like the one under consideration could bring before the court only the person upon whom process was served, and could not and did not bring before the court a partnership so as to authorize a judgment against it in its partnership name, and the justice would only be authorized to render a judgment in the case against the person on whom process was served and judgment against him, if one was rendered, would be a valid one, but a judgment in such case against the J. C. Jacobs Banking Company would be a void judgment." J. C. Jacobs Banking Company v. Security Banking Co., 6 Hig., 148, affirmed on writ of certiorari.

Query: Had all the partners been before the court composing J. C. Jacobs Banking Company, then would a judgment against J. C.

Jacobs Banking Company and not against the individual members thereof have been valid?

Such an inference may be drawn from the language of the opinion. In this case we have held that while service of process against the individual members of the partnership was not served, yet the members appeared through counsel and defended in behalf of the partnership which supplied the want of process, and we revert to the question, is the judgment in the name of the partnership void? To be valid must. it be in the name and against the individuals composing the partnership?

It has been the universal practice in suing a partnership to enter a judgment against the persons composing the partnership, for the reason that the partnership was not an entity, that the title to the property was not in the partnership but in the individual members composing it, and to reach the title in order to subject the property to the satisfaction of the judgment the writs must run against the party holding the legal title. This seems to be the theory in practice in all jurisdictions except those where statutory changes have modified the rule. We are of the opinion that the general rule prevails in Tennessee unless the uniform partnership act, Acts 1917, chapter 140, has changed the rule in Tennessee and has endowed a partnership with a quasi-entity sufficient to destroy the reasons upon which the rule is based, and also sufficient to fully protect the rights of litigants in the enforcement of claims against a partnership. Section 8 of said Act provides:

"(1)   All property originally brought into the partnership stock or subsequently acquired, by purchase or otherwise, on account of the partnership is partnership property.

"(2)   Any estate in real property may be acquired in the partnership name. Title so acquired can be conveyed only in the partnership name.

"(3)   A conveyance to a partnership in the partnership name. though without words of inheritance, passes the entire estate of the grantor unless a contrary intent appears."

Section 9 provides:

"(1)   Every partner is an agent of the partnership for the purpose of its business, and the acts of every partner, including the execution in the partnership name of any instrument, for apparently carrying on in the usual way the business of the partnership of which he is a member binds the partnership . . . "

Section 10 provides:

"(1)   When title to real property is in the name, any partner may convey title to such property by a conveyance executed in the partnership name . . . "

Section 13:

"Where by any wrongful act or omission of any partner, acting in the ordinary course of business of the partnership, or with the authority of his co-partners, loss of injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act."

Section 15:

"Be it further enacted that, (Nature of Partners' Liability). All partners are liable. (a) Jointly and severally for everything chargeable to the partnership under sections 13 and 14. (b) Jointly for all other debts and obligations of the partnership, but any partner may enter into a separate obligation to form a partnership contract."

Section 25:

"(1) A partner is co-owner with his partners of specific partnership property holding as a tenant in partnership. (c) A partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership."

Section 26:

"A partner's interest in the partnership is his share of the profits and surplus, and the same is personal property."

Section 27:

"(1) A conveyance by a partner of his interest in the partnership does not of itself dissolve the partnership, nor as against the other partners in the absence of agreement, entitle the assignee, during the continuance of the partnership, to interfere in the management or administration of the partnership business or affairs . . . but it merely entitles the assignee to receive in accordance with his contract the profits to which the assigning partner would otherwise be entitled."

It is readily seen from the foregoing quotations from the Act that the status of partnership relations and property has been radically changed. Under this statute real estate is conveyed to and held by a partnership in the firm's name. All the assets of the partnership is firm property. An individual member of the firm may execute a deed in the firm's name and transfer its real estate and other property for partnership purposes, and from the standpoint of pure reason it appears that process upon a member of the firm, in answer to a suit against the firm in its firm name, should be sufficient to bind the firm's assets. A judgment against the individual members thereof, under the terms of the statute, should be levied against their interest therein and would entitle the purchaser, at the execution sale, to share only in the profits with the right to apply for a dissolution of the partnership in a court of competent jurisdiction. While a judgment

against the firm in its firm name should be levied against the firm property and subject the property in species to the satisfaction of the firm's debts, we know of no reason why a judgment in the name of individual partners should be levied on property the legal title to which is not in their names.

The act regulating partnerships endows the partnership with many of the attributes of the corporation, and invests the majority of the partners with the management and control of the partnership business. It permits the partnership to hold property in the partnership name and treats the interests of the individuals as personal property, and since the property is not held in their name, they cannot be trustees to hold title for the benefit of the partnership. There seems no other reasonable way to reach the partnership assets, which may consist wholly of real estate, unless by judgment against the partnership in the partnership name and by execution to be levied upon the partnership property.

The property in this case, which was three automobiles, is averred in the bill to be partnership property.

We are of the opinion the learned chancellor was in error in perpetually enjoining the enforcement of the execution in this case, and that he should have dismissed the bill. The assignments of error are therefore sustained, the bill is dismissed and the appellant, Robert L. Loftis, will have and recover, against the appellees and their bondsmen on the injunction bond, the judgment, interest and costs represented by the execution enjoined, and likewise the costs of this and the lower court.

Snodgrass and Thompson, JJ., concur.