C. B. ERWIN and W. H. BAKER, Plaintiffs in Error, v. W. C. GREGORY and M. M. OLDHAM, Defendants in Error.

Middle Section. December 6, 1930.

Petition for Certiorari denied by Supreme Court, April 4, 1931.

J. W. Murrey and A. O. Denning, of Gallatin, for plaintiffs in error.

J. T. Baskerville and Oscar Russell, of Gallatin, for defendants in error.

JOSEPH HIGGINS, Sp. J. These two actions were brought by the two named plaintiffs in error against Gregory and Oldham to recover damages for personal injuries and for loss of an automobile in which the injured plaintiff was riding. There were verdicts and judgments for the plaintiffs in error against Gregory which as to the injured person were set aside for inadequacy. The verdicts in the cases as against Oldham were in his favor. The Circuit Judge approved this verdict and dismissed the suits as to Oldham. After appropriate motions for a new trial the two cases were brought here by one bill of exceptions and are presented to us at one and the same time and on the same assignment of errors and brief.

The question arising for determination stated in· the briefest terms is, whether in this State a member of a partnership can with respect to·a certain line of business sustain toward the partnership the relation of an independent contractor. There is no need for us to enter into any lengthy discussion of the facts of the case, for the reason that the verdict of the jury in favor of Oldham, the non-, participating and absent partner establishes in his favor all the disputed points of fact.

In truth there is very little controversy as to the facts. It is

necessary for us however in view of the finding in favor of Oldham to rule that he is entitled to treat as established all the material facts that show his nonliability. With this as a standpoint from which to view the case we shall state succinctly those substantive facts that have a bearing on the question arising.

The plaintiffs were hurt while traveling upon the highway between Nashville and Gallatin and they sustained the injuries because of the negligent operation of a truck under the control of Gregory. This truck was at the time returning from Nashville where it had been to deliver some hogs that belonged jointly to Gregory and Oldham, and at the time of the collision the truck was loaded with corn to be used by Oldham individually or possibly by Oldham and Gregory as a live stock partnership, are facts conclusively shown. Whether he was engaged as an independent contractor and was following an occupation aside from that of the partnership business, and whether he was at the time pursuing his individual or partnership affairs, or whether he was promoting the partnership business, were facts that were submitted to the jury with reasonable clearness, with the result of favorable response by the jury as heretofore stated.

It is on the other hand beyond dispute that Gregory and Oldham were engaged in live stock raising, buying and selling in Sumner county and that they sold and delivered hogs and other live stock, and that the truck had been loaded with hogs on the morning of the accident at the place of business of Gregory and Oldham, to be carried to Nashville for delivery and sale. Bound up with the question of law arising is the finding of the jury evidently that Gregory had an independent agreement with the partnership to the effect that he was to do their hauling and be paid just as other patrons were paying him, and that Oldham had nothing to do whatever with controlling the manner of his operating the truck, and had no interest in the truck, and that Gregory did use it in hauling for the public generally and appropriating the profits. All were found and ruled in favor of Oldham. It is also of importance that the proof of ownership in Gregory seems to have been clearly shown. Unquestionably the truck was registered and held out to the public in his name and as his own and that he did this trucking business as an independent endeavor.

The first and second assignments possess merit, but they have no real bearing upon the question ultimately to be determined. In these assignments of error the action of the court in refusing to strike certain pleas of the defendant Oldham is criticised. This criticism is merited as we said, for the reason that the substance of those pleas could have been availed of under the plea of not guilty. At the same time no grievous harm was done in letting the questions be raised by special pleas.

The third, fourth, fifth and sixth assignments merely present in different forms the quintessence of the question arising upon the record, namely, that because Gregory was a member of the firm of Gregory and Oldham he could not be treated with respect to the partnership business as an independent contractor; also that it was error in the court to state that it was permissible for Gregory as a partner to enter into an independent contract with the firm to do its trucking; and that it was error in his Honor to state that if plaintiffs below had failed to show at the time of the collision by a preponderance of the evidence that the truck was being operated as a partnership instrumentality and about the partnership business, then Oldham would not be liable.

In the seventh and eighth assignments plaintiffs in error complain of refusal of his Honor to give in charge two special requests in substance that if at the time of the accident the truck was being used in hauling corn belonging to the firm of Gregory and Oldham in the usual course of business and that if the truck was being driven back to the situs of the partnership after delivery of partnership hogs to a purchaser in Nashville, then Oldham would be liable jointly with Gregory.

After carefully considering the charge of his Honor we reach the conclusion that there was no error therein of which plaintiffs in error can complain.

It was admitted upon all hands that Oldham was not present at the time of the collision and there is an entire absence of any evidence showing any direct connection with the collision and an absence of any proof tending to show that Gregory in the matter of operating his truck or time of return or direction was carrying out any instructions of Oldham. Hence it was proper for his Honor to state to the jury that the burden was on plaintiffs below to show by preponderance of the evidence that at the time of the collision Gregory sustained toward the absent defendant the relation of agent or associate. This must always be shown by an injured party who is suing another who was not present for an injury suffered from a collision with an automobile registered in another's name; and particularly when the automobile is registered in the name of the perpetrator of the negligent act.

Now in the case at bar plaintiffs below undertake to hold Oldham responsible upon the theory that he was a partner and therefore a quasi master of Gregory. It is clear that the burden was on plaintiffs below to show this relation.

We repeat that all the questions may be condensed into the proposition as to whether a member of a firm may, with respect to the firm be an independent contractor. After much consideration we have reached the conclusion that this is possible and that the jury having

resolved all doubts in favor of Oldham under what we have ruled to have been a correct charge, the case was properly determined in the lower court.

As was said in the case of Carns v. Loftis, 1 Tenn. App., 574, the nature of a partnership in Tennessee was radically changed by the adoption in 1917 of a Uniform Partnership Act. This opinion was in accordance with a vast accumulation of legal thought to the effect that a partnership was tending to a legal entity with the status almost of a corporation. If so, then there is not much difficulty in ruling that a member of the firm may as respects certain operations or doings of the firm become an independent contractor.

Now in Section 9 of the Uniform Partnership Act it is stated that the act of a partner which is not apparently for the carrying on of the business of the partnership in the usual way, does not bind the partnership unless authorized by the other partners.

It was shown here that the delivering of live stock by truck was not contemplated as the customary method of making deliveries. It was also shown that Gregory did by specific contract the truck hauling of the firm and got extra pay for it and that he used in doing so the truck that was individually owned and that he reserved to himself the maintenance of the truck and the way in which he made his trips and methods of delivery, etc. If he was an independent contractor as to the public generally there is nothing in the law of partnership that prevented him from entering into an independent employment with his firm. See 14 R. C. L., pages 76 and 77; see 47 Corpus Juris, pages 795 and 796; see also Idom v. Weaks, 40 A. L. R., 668. The rule is universal that a partnership is not liable for a tort committed by a partner unless the tort was committed in furtherance of the partnership business or within the apparent scope of the partnership business or was authorized by the partners not participating.

A fairly good statement of the rule of partnership respecting the liability for torts is found in Re Peck, 41 L. R. A. (N. S.), 1223. "The test of liability is based upon a determination of the question whether the wrong was committed in behalf of and within the reasonable scope of the business of the partnership. If it was then the partners are liable as joint tort feasors."

As in strictness no legitimate partnership has in contemplation the perpetrating of wrongs or committing of torts. In truth it is a rather difficult thing to conceive of a partnership being held liable for a tort committed by one of the partners. The more accurate statement is that the partners are held liable as joint tort feasors and not as members of a partnership. Hence the logic of requiring plaintiffs suing an absent partner for a wrong committed by a partner who was present to show that the perpetrator was acting within

the scope of the partnership and as agent of the firm in promoting the partnership business.

It is not strange that a nonparticipating partner is given the right to insist that a transaction involving a tort committed away from the situs of the business and by one of the partners is at least presumptively the act of the immediate wrong doer, and not the act of the partnership.

Nor is it singular that a partner with respect to some incidences or occasional transactions of the partnership sustain the relation of an independent contractor, being free as to method and detail under the control of the other partners and receiving pay just as a third party would have been paid.

It must be conceded that the firm of Gregory and Oldham was not organized for the purpose of transporting live stock; their agreement and purpose was to deal in live stock and farm products. The jury evidently found that the hauling of freight, even of their own products, was not within the apparent or real scope of the business. Wherefore it was allowable for the firm to contract with Gregory to perform independently the incidental or occasional duty of delivering freight.

Beyond question they would have had the right to engage a public or private carrier to haul the live stock and pay him an agreed compensation. We do not conceive that there is anything in the law of partnership that would prevent the entity from contracting with one of its members to enter upon the highways and deliver and fulfill contracts of sale.

Learned counsel for plaintiffs in error press upon us the cases of Towles v. Miles, 131 Tenn., 79, 173 S. W., 439, and Gebers v. Laundry Co., 159 Tenn., 51. When carefully analyzed the reasoning of these cases is not in conflict with the position which we have taken. In the former it was merely ruled that when a corporation created a partnership or vice versa, for the purpose of carrying out its predominant purpose, the real instigator of the scheme or plan would be held responsible. The question was not made that in such case there could be in good faith a contractual agreement whereby the one actually doing the work would be an independent contractor. In the second case cited, the Supreme Court ruled that in order to sustain a recovery under the Compensation Act the injured one must sustain the relation of an employee to the one sued. The conclusion at which we have arrived is that Gregory was not the agent of the partnership but that he was exercising an independent employment and was responsible to the firm for results only.

Another observation upon the facts in conclusion will not be amiss. It was satisfactorily shown that Gregory at the time of the negligent act was transporting for Oldham a load of corn. Thus it may be

well argued that at the time of the collision he had departed from the business of his supposed master (the firm) with the consequence that the firm could not be held liable for his act.

The doctrine of respondeat superior is a legal formula having as its basis the supposition that the man who actually perpetrates a wrong is in reality or presumptively carrying out the directions of another. If he cannot be so regarded then he cannot be held to have been pro haec vice the servant of an absent one, regardless of his prior or subsequent relation to the absentee.

The result is that the assignments of error are overruled and the judgment affirmed with costs.

Crownover and DeWitt, JJ., concur.