SMITH v. GUY, No. 1.—144 S. W. (2d) 702.

Eastern Section. June 25, 1940.

Petition for Certiorari Denied by Supreme Court, October 5, 1940.

D. M. Guinn and Tom Mitchell, both of Johnson City, for appellant.
H. A. Donnelly and Harry B. Goodman, both of Mountain City, for appellee.

McAMIS, J.   E. C. Guy has appealed from a decree in the sum of $1,000 in favor of J. H. Smith, administrator of the estate of John H.

Kress, deceased, who died December 18, 1938. The bill was filed August 9, 1938, and was revived after the death of Kress in the name of his administrator. An amended bill, the allegations of which are to be herein noted, was filed on February 11, 1939.

The cause of action brought forward by the original bill appears, by its terms, to be one for services rendered defendant in negotiating for, and acquiring by deeds executed to defendant certain phosphate properties located in Johnson County, Tennessee. By the amended bill it is averred that the defendant agreed ''to pay complainant said sum of $1,000.00 for his services aforesaid and for the further consideration that complainant release or sell to defendant any interest of complainant in and to said properties under and by virtue of a written contract between them, dated November 13, 1933, and herewith filed and marked exhibit contract to this bill.''

The defendant answered both the original and amended bills denying that he was indebted to complainant in the sum of $1,000 for services rendered or for the purchase of complainant's alleged interest in said properties and specifically denying that complainant owned or was entitled to any interest therein. As a further defense, defendant interposed a plea of the Statute of Frauds and also averred that complainant Kress was engaged in the brokerage real estate business without having procured a license as required by statute.

At the hearing, the Chancellor declined to force complainant to elect between the cause of action set up in the original bill for services rendered in the procurement of conveyances of certain tracts or parcels of land described and the cause of action introduced by the amended bill based upon the alleged agreement by defendant to pay complainant for said services and any interest of complainant in and to ''said properties'' the sum of $1,000 by virtue of a written contract dated November 13, 1933. The Chancellor also overruled defendant's plea of the Statute of Frauds, held that complainant was not amenable to the payment of a real estate license fee and found, upon the proof introduced, that defendant agreed to pay the deceased Kress the sum of $1,000 for his interest in said properties.

The assignments here made challenge these conclusions of the Chancellor upon the legal defenses interposed by defendant, but it is not assigned as error that the evidence preponderates against the finding of the Chancellor that defendant entered into a parol agreement in May, 1936, to purchase Kress' interest in the ''properties'' for the sum of $1,000 which was never paid. We may say, however, in passing, that we think the weight of the evidence, including correspondence passing between the parties during Kress' lifetime, supports the Chancellor's findings in this respect.

We think the Chancellor correctly declined to require complainant to elect between the averments of the original and amended bills. The cause of action set up in the original bill is one for

services performed while, in the amended bill, the cause of action is extended to include the purchase price of the properties mentioned in the original bill. We perceive no necessary conflict between the separate averments of these bills. Under the averments of the original bill complainant could not have established anything more than a contract to pay for services rendered. The amended bill does not repudiate this theory of liability but alleges a further consideration for defendant's alleged agreement to pay complainant Kress the sum of $1,000, namely, the transfer of Kress' interest in the properties mentioned in the original bill. The amended bill merely widened the scope of inquiry under the pleadings.

The doctrine of election is designed to promote certainty and consistency in pleadings but should not be invoked to unnecessarily restrict the pleader in the statement of his alleged cause of action or ground of defense to a single theory, provided the two or more theories brought forward are not self-contradictory or inconsistent.

It appears that prior to November 13, 1933, Kress and one Kemler had been engaged in prospecting for phosphate and other mineral properties in Johnson County, Tennessee. On the date mentioned they entered into an agreement with the defendant Guy by the terms of which the latter agreed to furnish capital for the carrying on of this enterprise and the purchase of additional properties to be mutually agreed upon between the three parties. This agreement which is in writing concludes with the provision that after the defendant should be repaid for the capital so invested, together with interest at 6 per cent, from the profits of the enterprise, Kress and Kemler should each receive thereafter 20 per cent of such profits and the defendant 60 per cent, expenses and interest to be deducted prior to such division of the profits between the parties.

Kress and Kemler thereafter continued to procure options and deeds for phosphate properties. Defendant furnished the capital for these investments and title to the properties was taken in his name. Kemler thereafter died and Kress continued his efforts to procure contracts for phosphate lands until in May, 1936, when, according to complainant's proof, defendant agreed to purchase complainant's interest at the agreed price of $1,000.

Although defendant appears to have assumed the position in the trial of the case below that complainant should not be permitted to recover upon the alleged contract because in violation of the Statute of Frauds requiring all contracts relating to the sale of real estate to be in writing, it is asserted at more than one place in defendant's brief filed in this court that it was never the intention or within the contemplation of the parties that Kress should acquire any interest in the real estate acquired by defendant under the several conveyances mentioned in the proof. We think defendant takes the correct position that, up to the date of the alleged agree-

ment of sale and purchase in May, 1936, the parties operated as a parnership.

If, as contended for defendant, Kress acquired no interest in the real estate, either legal or equitable, it follows that the Statute of Frauds is inapplicable and a parol sale or release of all his rights under the contract would be valid and binding upon the parties. It was intended that the mineral rights needed for the enterprise should be acquired for purposes of speculation and immediate use and not as an investment of a permanent character.

Where a partnership acquires land solely for the purpose of speculation and it is not contemplated that there shall be any conveyances between the parties, equity regards it as personal property among the partners and an agreement of one partner to release his interest is not a contract for such an interest in lands as comes within the Statute of Frauds. Morrill v. Colehour, 81 Ill., 618.

It is also held that where one party has merely a right to share in the profits from the sale or lease of options held by the other party, a surrender of his right is not a surrender of such an interest in lands as is required to be in writing under the Statute of Frauds. Keller v. Fitzgerrell, 249 Ill. 451, 94 N. E. 926.

The foregoing appears to be in general accord with the policy of this State to regard a partner's interest in the partnership as personal property for all purposes connected with the partnership. See Uniform Partnership Law, Code, Section 7841 et seq. See Karns v. Loftis, 1 Tenn. App., 574, 582.

We find without merit the insistence that complainant's bill should have been dismissed because of the non-payment of a real estate broker's license fee. According to the briefs the parties were dealing for themselves and complainant was not engaged in the business of a broker. We are cited to no evidence in support of defendant's insistence that complainant was, under the facts appearing in the record, subject to the payment of such fee. We think the decree in this case is just. The implication arises from the proof that defendant was unable to sell the phosphate upon the properties in question to advantage after the purchase of Kress' interest and thereafter sought to avoid payment of the agreed consideration. If his expectations of disposing of the phosphate had been met, doubtless the agreed sum would have been paid without difficulty. We find no reason to conclude that he was in any way misled or injured as a result of any confusion in the statement of the cause of action asserted by the original and amended bills. His answer clearly indicates that he was fully apprised of the cause of action he was called upon to meet. We conclude that all of the assignments of error are without merit and must be overruled. It will be so ordered and costs will follow.

Portrum and Ailor, JJ., concur.